[Cite as *State ex rel. Keyes v. Ohio Pub. Emps. Retirement Sys.,* **123 Ohio St.3d 29, 2009-Ohio-4052.**]

THE STATE EX REL. KEYES ET AL. *v.* OHIO PUBLIC

EMPLOYEES RETIREMENT SYSTEM ET AL.

[Cite as *State ex rel. Keyes v. Ohio Pub. Emps. Retirement Sys.,*

123 Ohio St.3d 29, 2009-Ohio-4052.]

*Mandamus — Ohio Adm.Code 145-1-01 — Number of affirmative votes necessary*
*to constitute official action when some abstain from voting — "Majority of*
*those members present" means majority of members who are present, not*
*majority of members who vote.*

(No. 2008-2167 — Submitted August 11, 2009 — Decided August 18, 2009.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1}  This is an action for a writ of mandamus to compel the retirement board of respondent Ohio Public Employees Retirement System ("PERS") to comply with Ohio Adm.Code 145-1-01 by obtaining the requisite majority vote of its members present before taking action on a claim for service credit.  Because the board abused its discretion in acting on the administrative appeal relating to the service-credit claim without the proper vote to do so, we grant the writ.

**Dental Services Provided by Dr. Ehrbar to DRC**

{¶ 2}  Respondent Dr. Diane Ehrbar is a dentist who performed services for relator Ohio Department of Rehabilitation and Correction ("DRC") under a series of contracts from August 1985 through June 2001.  Dr. Ehrbar provided dental services to inmates at the Orient Correctional Institution.  During her service with DRC, Dr. Ehrbar asked whether she could become a civil service employee and was told that she could not.

**PERS Determination of Dr. Ehrbar's Request for Service Credit**

{¶ 3} After the conclusion of her last contract with DRC, Dr. Ehrbar asked PERS for a determination of her eligibility for PERS membership. Following an administrative process, PERS determined that she was not a public employee when she worked as a dentist at the Orient Correctional Institution from 1985 to 2001. PERS concluded that Dr. Ehrbar instead performed dental services as an independent contractor for that period. Dr. Ehrbar appealed the staff determination to the PERS retirement board, and the board appointed a hearing examiner to consider the appeal.

{¶ 4} In March 2008, the hearing examiner issued a report and recommendation concluding that Dr. Ehrbar was a public employee from July 1, 1993, to June 30, 2001. The hearing examiner recommended that Dr. Ehrbar be granted PERS service credit for this period.

{¶ 5} At the board's September 17, 2008 meeting, ten of the 11 board members were present. Five of the board members voted to adopt the hearing examiner's report and recommendation, three members voted against adoption, and two members abstained.

{¶ 6} By letter dated September 29, 2008, the board informed the parties that it had "voted to accept the findings of fact and conclusions of law of the March 17, 2008 Report and Recommendation that Dr. Ehrbar was not a public employee while performing services for the Department of Rehabilitation and Corrections between August 1, 1985 to June 30, 1993, and is not eligible for OPERS coverage for this time period, but was a public employee between July 1, 1993 to June 30, 2001 and is eligible for OPERS coverage for this time period."

**Mandamus Case**

{¶ 7} On November 7, 2008, relators, DRC and its deputy director of human resources, Robert O.E. Keyes, filed this action for a writ of mandamus to compel the retirement board of PERS to (1) comply with Ohio Adm.Code 145-1-01 and obtain a majority vote of its members before taking official action on Dr.

Ehrbar's claim and (2) find that Dr. Ehrbar was an independent contractor and not a public employee of DRC and was not eligible for PERS coverage during her employment at Orient Correctional Institution. PERS filed an answer, and Dr. Ehrbar filed a motion to intervene as a respondent along with an answer.

{¶ 8} We granted the motion to intervene, granted an alternative writ, and issued a schedule for the presentation of evidence and briefs.

{¶ 9} This cause is now before the court for a consideration of the merits.

### Mandamus to Correct an Abuse of Discretion by PERS

{¶ 10} DRC and Keyes request a writ of mandamus to compel the PERS retirement board to comply with Ohio Adm.Code 145-1-01 before taking official action on Dr. Ehrbar's service-credit appeal. "[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. Because there is no statutory right to appeal the retirement board's decision on service credit, mandamus is appropriate. See *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 24; R.C. 145.01(A)(4) ("In all cases of doubt, the public employees retirement board shall determine whether any person is a public employee, and its decision is final"); Ohio Adm.Code 145-1-11(D) ("The retirement board's decision on any determination conducted pursuant to this rule shall be final and determinative").

{¶ 11} Therefore, to be entitled to the requested writ of mandamus, DRC and Keyes must establish that the PERS retirement board abused its discretion by construing the board's September 2008 vote as representing official board action. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 25. To prove an abuse of discretion, relators must show

that the administrative decision was unreasonable, arbitrary, or unconscionable. *Schachter*, at ¶ 25.

**Ohio Adm.Code 145-1-01(B)(5)**

**{¶ 12}** The PERS retirement board has 11 members. R.C. 145.04. The retirement board is vested with the "general administration and management of the public employees retirement system." R.C. 145.04. The board "may adopt rules in accordance with section 111.15 of the Revised Code for the proper administration and management of this chapter." R.C. 145.09.

**{¶ 13}** One of the rules the board adopted is Ohio Adm.Code 145-1-01, which provides:

**{¶ 14}** "(B) Meetings

**{¶ 15}** "* * *

**{¶ 16}** "(5) A majority of the actual number of members that have been elected or appointed to and are serving on the board at the time of a meeting where official action is to be taken constitutes a quorum to conduct a meeting. *A majority of those members present voting yes on a proposal shall constitute a favorable vote.* An abstention from voting shall not be counted as either an affirmative or negative vote. A roll call shall occur if there is a division in the vote. Any board member may request a roll call on any vote." (Emphasis added.)

**{¶ 17}** DRC and Keyes assert that the retirement board abused its discretion by ignoring Ohio Adm.Code 145-1-01(B)(5) and treating its September 2008 vote on Dr. Ehrbar's appeal as an official board action. We agree.

**{¶ 18}** Because ten of the 11 board members were present at the September 2008 meeting, there was a quorum to conduct the meeting. But only five of the ten members present voted yes on the motion to adopt the hearing examiner's report and recommendation. In construing Ohio Adm.Code 145-1-01(B)(5), "[w]e must read undefined words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel.*

4

*Turner v. Eberlin*, 117 Ohio St.3d 381, 2008-Ohio-1117, 884 N.E.2d 39, ¶ 14. "A majority always refers to more than half of some defined or assumed set." Black's Law Dictionary (8th Ed.2004) 974. Five is not more than half of ten. Therefore, the board's purported action at the meeting did not comply with the plain language of the administrative rule, and the motion to adopt the hearing examiner's report and recommendation was not approved.

{¶ 19} Furthermore, even if Ohio Adm.Code 145-1-01(B)(5) were ambiguous, our conclusion is supported by subsection (B)(7) of the same rule, which provides that "[w]hen a question of parliamentary procedure arises, the most current edition of 'Robert's Rules of Order' shall be followed unless in conflict with Chapter 145. of the Revised Code, or this rule." The most current edition of Robert's Rules of Order specifies that "majority" means "more than half." Robert's Rules of Order Newly Revised (10th Ed.2000) 387, Section 44.

{¶ 20} As noted, Ohio Adm.Code 145-1-01(B)(5) refers to "a majority of those members present." For the phrase, a "majority of the members present," Robert's Rules of Order provides the following example:

{¶ 21} "Assume, for example, that at a meeting of a society with a total membership of 150 and a quorum of 10, there are 30 members present, of whom 25 participate in a given counted vote (taken by rising, by show of hands, by roll call, or by ballot). Then, with respect to that vote:

{¶ 22} "A majority is 13

{¶ 23} "A majority of those present is 16." Id. at 389-390.

{¶ 24} In accordance with Robert's Rules of Order, a majority of the ten members present at the retirement board's September 2008 meeting would be six, and because only five members voted to approve the hearing examiner's report and recommendation, the board did not approve it.

{¶ 25} Moreover, the retirement board erroneously relies on the sentence in Ohio Adm.Code 145-1-01(B)(5) that "[a]n abstention from voting shall not be

counted as either an affirmative or negative vote" to support its recognition of the September 2008 vote as official action. The two members who abstained from the vote on the motion to approve the hearing examiner's report and recommendation were – in accordance with the rule – not counted as either affirmative or negative votes on the motion. These abstaining members, however, remained members *present* during the vote and had to be counted to determine whether the vote was sufficient to constitute a "majority of those members present" under the rule. See also *Licht v. Storage Technology Corp.* (May 6, 2005), Del.Ch. No. Civ.A. 524-N, 2005 WL 1252355, * 4, construing *Berlin v. Emerald Partners* (Del.1989), 552 A.2d 482 ("Given that the Supreme Court included abstentions among the shares entitled to vote, it is implicit in the Supreme Court's opinion * * * that an abstention, whether accomplished in person or through a proxy holder following his principal's instructions, is part of the 'voting power present' ").

{¶ 26} Moreover, the retirement board's construction of the rule would add language to read either: "A majority of those members present voting yes on a proposal shall constitute a favorable vote. An abstention from voting shall not be counted as either an affirmative or negative vote, *and a member who abstains shall not be counted as a member present to determine whether a majority needed for a favorable vote has been reached*" or "A majority of those members *present and voting* shall constitute *the required majority for board action*." (Emphasis added.) We cannot add or delete words in construing the pertinent language of the administrative rule. Cf. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 26 (applying this interpretative rule in construing a statute). The phrase "a majority of those members present and voting" has a markedly different meaning from "a majority of those members present." See generally Annotation, Abstention from Voting of

6

Member of Municipal Council Present at Session as Affecting Requisite Voting Majority (1975), 63 A.L.R.3d 1072, Section 6[a], 1975 WL 37107.

{¶ 27} In addition, the retirement board may remedy purported policy problems with the rule by amending it instead of requesting that this court do so by ignoring the rule's plain language.

{¶ 28} Finally, although we accord the retirement board deference in interpreting its administrative rules, *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 23, we need not do so here because the board's interpretation of Ohio Adm.Code 145-1-01(B)(5) is unreasonable. See *Univ. of Toledo v. Heiny* (1987), 30 Ohio St.3d 143, 146, 30 OBR 454, 507 N.E.2d 1130.

### Remaining Claim

{¶ 29} DRC and Keyes next claim that the PERS retirement board abused its discretion in determining that Dr. Ehrbar was a public employee entitled to service credit for the period from July 1, 1993, to June 30, 2001. This claim is moot, however, because of our resolution of relators' first claim. We cannot review the merits of the retirement board's purported action, because the action was not an official action under Ohio Adm.Code 145-1-01(B)(5), i.e., the board did not adopt the hearing examiner's report and recommendation. This result is consistent with our well-settled precedent that we will not indulge in advisory opinions. *Davis*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 43.

### Conclusion

{¶ 30} Therefore, because the PERS retirement board abused its discretion by treating its September 2008 vote on Dr. Ehrbar's service-credit appeal as an official action by the requisite number of members of the board, we grant a writ of mandamus to compel the PERS to comply with Ohio Adm.Code 145-1-01 by obtaining a majority vote of the members present before taking official action on the appeal.

Writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Chester, Willcox & Saxbe, L.L.P., Sarah D. Morrison, and Donald C. Brey, for relators.

Richard Cordray, Attorney General, and John T. Williams and Laura E. Parsons, Assistant Attorneys General, for respondent Ohio Public Employees Retirement System.

Christensen, Christensen, Donchatz, Kettlewell & Owens, L.L.P., and Timothy J. Owens, for respondent Dr. Diane Ehrbar.

_____