Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 37} I concur in the judgment of the majority and in the first syllabus paragraph regarding the retroactive application of R.C. 2929.191. I dissent from the second syllabus paragraph and the portion of the opinion regarding the prospective application of R.C. 2929.191, for three reasons.
{¶ 38} First, the issue of the prospective application of R.C. 2929.191 is not before us. Jason Singleton is the only defendant in this case. His sentencing hearing occurred on December 21, 2000, long before the enactment of R.C. 2929.191. Thus, the majority opinion’s second syllabus paragraph and its related discussion of R.C. 2929.191’s effect on sentences imposed after the statute’s effective date are entirely dicta. That portion of the opinion runs contrary to “our well-settled precedent that we will not indulge in advisory opinions.” State ex rel. Keyes v. Ohio Pub. Emps. Retirement Sys., 123 Ohio St.3d 29, 2009-Ohio-4052, 913 N.E.2d 972, ¶ 29. Not only is the portion of the majority decision regarding the prospective application of R.C. 2929.191 advisory, no party sought this court’s advice on that issue. The majority answers a question that is of no relevance to the instant case and places that answer in the syllabus.
*184 (¶ 39} Second, by its own terms, R.C. 2929.191 limits its application to sentences imposed prior to the statute’s effective date. R.C. 2929.191 provides:
{¶ 40} “(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison * * * the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
{¶ 41} “If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison * * * the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
{¶ 42} “ * * *
{¶ 43} “(B)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control * * *, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender’s release from prison, * * *, and if the offender violates that supervision * * * the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.” (Emphasis added.)
{¶ 44} R.C. 2929.191(C) makes clear that the statute apples only to “a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section” • — that is, sentences imposed prior to the effective date of the statute.
{¶ 45} The General Assembly passed an unambiguous statute. It is inappropriate for the majority to employ uncodified statements of legislative intent to change the meaning of R.C. 2929.191. When a statute is unambiguous, a court construing the statute need look only to the language contained in the statute:
{¶ 46} “ ‘The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it.’ *185 Slingluff v. Weaver (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph one of the syllabus. This court may engage in statutory interpretation when the statute under review is ambiguous. Id.
{¶ 47} “ ‘But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction.’ Id. at paragraph two of the syllabus.” State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11-12.
{¶ 48} No statements of legislative intent are necessary to interpret R.C. 2929.191. It is crystal clear by its own terms. The majority attempts to breathe life into R.C. 2929.191 by claiming that since it has no legal effect for sentences imposed prior to its enactment, it must certainly apply prospectively. But R.C. 2929.191 was enacted to fix sentencing mistakes of the past - mistakes that gained practical relevance only after this court’s decisions in State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, and Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, which established the consequences of a trial court’s failure to appropriately set forth postrelease-control sanctions in sentencing a defendant.
{¶ 49} Amendments made to other statutes amended by Am.Sub.H.B. No. 137, Baldwin’s Ohio Legislative Service Annotated (Vol. 4, 2006) L-1911 (“H.B. 137”), make it clear that R.C. 2929.191 was intended to address past mistakes. The intent of H.B. 137 was to make prospective postrelease-control sentencing errors basically irrelevant. For example, R.C. 2929.14(F)(1) was amended by H.B. 137 to include this language:
{¶ 50} “If a court imposes a sentence including a prison term of a type described in this division on or after the effective date of this amendment, the failure of a court to include a post-release control requirement in the sentence pursuant to this division does not negate, limit, or otherwise affect the mandatory period of post-release control that is required for the offender under division (B) of section 2967.28 of the Revised Code.”
{¶ 51} The amendment to R.C. 2929.14(F)(1) then adds that R.C. 2929.191 applies to sentences imposed prior to the effective date of the act:
{¶ 52} “Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to include in the sentence pursuant to this division a statement regarding post-release control.” H.B. 137, L-1929.
*186 {¶ 53} H.B. 137 similarly amended R.C. 2929.19(B) and 2967.28(B). All of these amendments attempt to make prospective mistakes nonproblematic and employ R.C. 2929.191 to address past errors. For the General Assembly, the prospective application of R.C. 2929.191 was never a consideration.
{¶ 54} The third reason for my dissent is simple: void is void. There is nothing to add to a nullity.
Moyer, C.J., and O’Connor, J., concur in the foregoing opinion.