[Cite as *Farmer v. Berry*, 2012-Ohio-4940.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98119

---

## ALLISON L. FARMER, ET AL.

#### PLAINTIFFS-APPELLEES

vs.

## RENEE S. BERRY, ET AL.

#### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743866

**BEFORE:** Rocco, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 25, 2012

**ATTORNEYS FOR APPELLANT**

Clifford C. Masch
Adam M. Fried
Brian C. Lee
Reminger Co., LPA
101 West Prospect Avenue
Suite 1400
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

David M. Gareau
Michael R. Gareau & Assoc. Co., LPA
23823 Lorain Road
Suite 200
North Olmsted, Ohio 44070

Richard W. Dunson
Dunson & Dunson
21851 Center Ridge Road
Suite 410
Rocky River, Ohio 44116

**For Ohio Public Employees Retirement System**

Mike DeWine
Ohio Attorney General

By:   Matthew T. Green
Assistant Attorney General
30 East Broad Street
26th Floor
Columbus, Ohio 43215-3428

KENNETH A. ROCCO, J.:

{¶1} This case presents the novel issue of who has the authority to complete, sign, and submit an application for retirement benefits under the Ohio Public Employees Retirement System ("OPERS"). Defendant-appellant Renee S. Berry ("Berry") argues that an attorney, acting on a retirant's behalf, has such authority, even if the retirant has not given that attorney written permission. Plaintiffs-appellees Allison Farmer, Christopher Farmer, Brett Farmer ("the Farmers"), and OPERS (collectively "appellees") argue that only the retirant, a person to whom the retirant has granted a written power of attorney, or a court-appointed guardian has the requisite authority. We agree with the appellees: the Ohio Revised Code and the Ohio Administrative Code are reasonably understood as requiring that a valid application for OPERS retirement benefits must be completed, signed, and submitted by the retirant, by his attorney-in-fact, or by his guardian.

{¶2} In the present case, the OPERS retirement application was not completed, signed, and submitted by a person in one of these three categories. The trial court granted summary judgment to OPERS on this basis and denied Berry's motion for summary judgment. We affirm the trial court's final judgment.

{¶3} The parties have stipulated to the facts. The Farmers are Donald Farmer's ("Farmer") adult children. Berry was Donald's ladyfriend. The online electronic system

used to submit a retirement application to OPERS and to manage retirement benefits is known as the "My Benefit System" ("MBS"). On August 30, 2010, an application for retirement benefits was submitted to OPERS through MBS for an account belonging to Donald Farmer ("Donald"). The application designated Berry as the beneficiary. Donald did not physically input the information into the computer to complete his OPERS application for retirement through MBS. The information necessary to complete Donald's application for retirement was typed into MBS by Donald's attorney. Donald did not physically submit his application for retirement through MBS. Donald's attorney submitted, through MBS, Donald's OPERS application for retirement. Donald's attorney was not Donald's guardian at the time Donald's application for OPERS retirement was submitted. Donald's attorney did not hold a power of attorney to act on Donald's behalf at the time Donald's application for OPERS retirement was submitted. Donald did not grant his attorney written authorization to complete, sign, and submit his OPERS retirement application. At all relevant times, Donald's attorney was an attorney licensed to practice law in Ohio. Donald died shortly after the application was submitted.

{¶4} The Farmers filed a complaint in the trial court against Berry and OPERS, seeking a declaratory order that Berry was not the lawful beneficiary of Donald's OPERS benefits. [1] Berry answered and cross-claimed against OPERS. Berry sought a

---

[1]Donald's brother, Dennis Farmer, was originally a named plaintiff, but he is not a party to this appeal.

declaratory judgment that Donald's application was properly submitted and that she was entitled to Donald's retirement benefits.

{¶5} In the course of the pleadings, it was discovered that Donald did not physically complete, sign, or submit his retirement application. In response, OPERS voided the retirement application and cross-claimed against Berry to recoup the benefit payments that OPERS had already disbursed.

{¶6} Berry and OPERS submitted cross-motions for summary judgment on the validity of the retirement application and beneficiary designation. Berry attached an affidavit from Donald's attorney in support of her motion for summary judgment. Both the Farmers and OPERS filed motions to strike, claiming the affidavit contained inadmissible hearsay and requesting that certain paragraphs be stricken. The trial court granted the motions and struck the entire affidavit.

{¶7} The trial court denied Berry's motion for summary judgment and granted OPERS's motion for summary judgment. The trial court determined that the application was legally deficient because Donald's attorney was not Donald's legal guardian, nor did she possess a written power of attorney to act on his behalf.

{¶8} Berry filed her notice of appeal from the trial court's entry of final judgment, and presents three assignments of error for review.

**I. The trial court improperly granted the motion for summary judgment filed by defendant-appellant OPERS because, as a matter of law, the governing statutes and case law permit Donald Farmer's attorney to validly file and submit his retirement application and beneficiary designation with OPERS.**

**II. The trial court improperly denied the motion for summary judgment filed by appellant Berry because, as a matter of law, the governing statutes and case law permit Donald Farmer's attorney to validly file and submit his retirement application and beneficiary designation with OPERS.**

**III. The trial court improperly granted the motions to strike portions of the affidavit of [Donald's attorney] filed by OPERS and the Farmers as the affidavit did not contain inadmissible hearsay and only specific paragraphs of the affidavit were to be stricken, not the affidavit in its entirety.**

{¶9} We overrule the first two assignments of error, and we need not address the third assignment of error because it is moot. Accordingly, we affirm the trial court's final judgment granting summary judgment for OPERS and denying summary judgment for Berry.

{¶10} We consider the first two assignments of error together as the analysis involved is the same. Summary judgment rulings are reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when there is no genuine issue as to any material fact; (1) the moving party is entitled to judgment as a matter of law; and (2) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6. The only question is whether Donald's attorney could legally complete, sign, and submit the application without first obtaining written authorization from Donald. The answer is no.

{¶11} We defer to OPERS's interpretation of its own rules and governing statutes if its interpretation is consistent with the plain language of the statutes and rules themselves. *State ex rel. City of Columbus v. Pub. Emps. Ret. Bd.*, 10th Dist. No. 08AP-807, 2009-Ohio-6321, ¶ 4. If the language is susceptible to more than one reasonable interpretation, we will defer to OPERS's interpretation, so long as it is reasonable. *See State ex rel. Schaengold v. Ohio Pub. Emps. Ret. Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 23; *State ex rel. Keyes v. Ohio Pub. Emps. Ret. Sys.*, 123 Ohio St.3d 29, 2009-Ohio-4052, 913 N.E.2d 972, ¶ 28.

{¶12} OPERS is a creature of statute and can only pay benefits pursuant to its governing statutes.[2] *Cosby v. Cosby*, 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516, ¶ 19; *Hansford v. Pub. Emps. Ret. Sys.*, 170 Ohio App.3d 603, 2007-Ohio-1242, 868 N.E.2d 708, ¶ 9 (10th Dist.) ("[U]nless its governing statutes grant the authority, OPERS is powerless to perform the act.").

{¶13} Under R.C. 145.32 only a "member * * * may file with [OPERS] an application for retirement." R.C. 1337.18(A)(1)(e) & (h) and R.C. 1337.20(I), which were in effect when Donald's attorney filled out the application,[3] provide the only relevant exception to the requirement that a member must file his own application: the

---

[2]It is on this basis that we reject Berry's argument that the trial court should have applied common-law agency principles in this case.

[3]These statutes were repealed by 2011 SB 117, effective March 22, 2012. The General Assembly repealed these statutes because it adopted the Uniform Power of Attorney Act. These changes do not affect our analysis.

member could grant an attorney-in-fact the authority to apply for retirement benefits.[4] The grant of authority must be done through a written power of attorney. *Id.*; *see also Testa v. Roberts*, 44 Ohio App.3d 161, 164, 542 N.E.2d 654 (6th Dist. 1988) ("A power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of his principal.").

{¶14} Ohio Adm.Code 145-1-63(D) and (E) mirror the statutory power-of-attorney requirements and add specific details unique to OPERS's benefit structure. These provisions do not conflict with R.C. 1337.18(A)(1)(e) & (h) and R.C. 1337.20(I). There are no additional provisions within the Administrative Code that would allow someone other than Donald or his attorney-in-fact to apply for retirement benefits. The language of R.C. 145.32 and Ohio Adm.Code 145-1-63 (D) and (E) supports OPERS's position that only the member or his attorney-in-fact can apply for retirement benefits.

{¶15} OPERS's interpretation is further supported by contrasting R.C. 145.32 to R.C. 145.35(C), the statute governing OPERS disability benefits. R.C. 145.35(C) allows "a person acting on the member's behalf" to apply for disability benefits. In contrast, R.C. 145.32 states that only a "member" can apply for retirement benefits. "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *State v. Moaning*, 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996). Further, we will "presume[] that different results were intended" when the General Assembly "used certain language in the one

---

[4]There is also an exception providing that a court-appointed guardian can file an application on a member's behalf, but the parties agree that this exception is not pertinent in this case.

instance and wholly different language in the other." *Metro. Sec. Co. v. Warren State Bank*, 117 Ohio St. 69, 76, 158 N.E. 81 (1927). Applying these principles to the statutes, if the General Assembly wanted to specify that someone other than the member or his attorney-in-fact could complete, sign, and submit the retirement application, it would have used language similar to that used in the disability-benefit statute.

{¶16} Berry argues that Donald did not need to grant Donald's attorney a power of attorney because she was merely inputting data, signing the form, and submitting it according to his specific wishes. On this view, Donald's attorney was performing mere ministerial duties; she was not making decisions on Donald's behalf. It follows that Donald was actually the one who completed the application. While Berry's position is not far-fetched, we are constrained to defer to OPERS's reasonable interpretation of its governing statutes and administrative rules. Under OPERS's interpretation, explained above, when the statute and rules direct that only the member or his attorney-in-fact must complete, sign, and submit the application, this does not mean that another person can fill out this information as directed by the member.

{¶17} Because OPERS's interpretation is reasonable, we reject Berry's argument. If the General Assembly decides that a member may have another person input data at the member's direction, and then sign, and submit the application for the member, all without the written permission of the member, then the General Assembly can amend the statute to make this clear. Until then, OPERS's interpretation stands.

{¶18} Giving due deference to OPERS's interpretation of its governing rules, we similarly reject Berry's argument that the trial court misinterpreted and misapplied Ohio

Adm.Code 145-1-63. Berry focuses her argument on Ohio Adm.Code 145-1-63(B). According to OPERS, this section is not pertinent to this case:

> Unless expressly authorized by the language in a power of attorney or in division (F) of this rule, guardianship of the estate shall be required and the guardian shall obtain a court order approving the initial plan selection under section 145.19 of the Revised Code, change of retirement plan, selection of a plan of payment, designation of a beneficiary, or application for and receipt of a refund *if the recipient is eighteen years of age or older and suffers from a legal disability* as defined in division (B), (C), or (D) of section 2131.02 of the Revised Code.

Ohio Adm.Code 145-1-63(B) (Emphasis added.) "'Recipient' means a member, contributor, retirant, or beneficiary as provided in Chapter 145. of the Revised Code." Ohio Adm.Code 145-1-63(A). According to Berry, subsection (B) applies and, because Donald was not suffering from a legal disability, he did not need a power of attorney to fill out his application.

{¶19} According to OPERS, when read with the rest of the rule, it becomes obvious that this subsection applies only to a unique set of circumstances inapplicable to this case. Subsection (C) states that a recipient under the age of eighteen must have a guardian to apply for survivorship benefits. These two subsections apply to two unique sets of circumstances: subsection (B) applies where the member, contributor, retirant, or beneficiary is over eighteen and disabled, and subsection (C) applies where the member, contributor, retirant, or beneficiary is under eighteen. Both of these subsections *require* that the member, contributor, retirant, or beneficiary obtain a power of attorney or guardian. OPERS argues that neither of these subsections are applicable in this case.

**{¶20}** According to OPERS, subsections (D) and (E) focus on the authority of an attorney-in-fact for most of the remaining population of OPERS recipients (those over eighteen who do not suffer from a legal disability),[5] and, those subsections apply in the instant case. Subsections (D) and (E) state that an attorney-in-fact is permitted to perform a number of tasks on behalf of the member regarding the member's retirement plan selection and beneficiary designation.

**{¶21}** OPERS's view is that the rule, when viewed as a whole, means that if a member is over eighteen and is not legally disabled, then the member is not required to delegate his responsibilities to a third party, but if he wishes to do so, he must first execute a power of attorney. In contrast, Berry submits that the rule means that because Donald is over eighteen, he would need an attorney-in-fact *only if* he was disabled. Once again, we defer to OPERS's interpretation of its governing rules so long as the interpretation is reasonable. Because we find that OPERS has provided a reasonable interpretation of Ohio Adm.Code 145-1-63, we must uphold its interpretation.

**{¶22}** We easily dismiss Berry's contention that there is no statutory authority requiring that Donald had to complete, sign, and submit the application himself. In support of her position, Berry makes much of the fact that the statute was drafted before members were able to file applications online. We fail to see how this is relevant, because an online application still requires the member to provide the requisite

---

[5]Ohio Adm.Code 145-1-63(F) lists a number of instances where a power of attorney or guardianship is not required, but these instances are not applicable in the instant case.

information, aver that the information provided is correct, and submit the application to the agency.

{¶23} Finally, we reject Berry's attempt to liken the present case to the Tenth District's decision in *Poliseno v. Mitchell*, 10th Dist. No. 09AP-1002, 2010-Ohio-2615. Berry asserts that *Poliseno* stands for the proposition that a third party who does not have power of attorney can file an OPERS retirement application on a member's behalf. *Poliseno* is inapposite for several reasons. First, that case did not involve a retirement application under R.C. 145.32; rather, the case was about a beneficiary designation under R.C. 145.43, a statute inapplicable to the case at bar.

{¶24} Even if this case did involve the same statute, it still would not support Berry's argument. In *Poliseno*, the member had reversed the order of the beneficiary's name on the application and then corrected the name by crossing out the reversed names and putting them in the proper order. The member did not use a new designation form. *Poliseno* at ¶ 4. The member signed the form in the presence of two witnesses.

{¶25} OPERS intake staff initially rejected the form due to the alteration. The member's son received permission from OPERS staff to send an unaltered copy of the third page of the Beneficiary Designation. OPERS senior staff reviewed the original application that had been rejected, and ultimately approved the application based on the original, altered form signed by the member.

{¶26} The court upheld OPERS's decision to accept the member's original, altered form that was unquestionably signed and executed by the member. In contrast, in the case at bar, the application was not signed by Donald. Further, OPERS's decision to

accept the application was not based on anything that the member's son sent in to OPERS, so that fact was irrelevant to the court's analysis. *Poliseno* is not instructive in this case because it involves an unrelated statute and incongruous facts.

{¶27} We conclude that OPERS's interpretation of its governing statutes and rules is not inconsistent with the language of the statutes and rules themselves, and is, therefore, reasonable. Accordingly, we defer to OPERS's interpretation. We conclude that OPERS acted within its discretion in determining that Donald's application was void because he did not physically complete, sign, and submit the application, nor did he give Donald's attorney written authority to do so on his behalf. We, therefore, overrule Berry's first two assignments of error.

{¶28} In her third assignment of error, Berry argues that the trial court erred in striking Donald's attorney's affidavit as inadmissible hearsay. Donald's attorney's affidavit averred that she was retained by Donald to assist him with his estate planning, and that she filled out, signed, and submitted the application and designation at Donald's request. Even if we determined that this affidavit was admissible in its entirety, we would still conclude that the application and designation were void. As discussed earlier, the statutes make clear that the application could be completed only by Donald himself or by an attorney-in-fact. The affidavit, if admissible, would only substantiate that neither of these conditions were satisfied. Accordingly, the third assignment of error is moot and we decline judgment.

{¶29} This is a difficult case, because we are left wondering whether Donald's final wishes are being honored with regards to who receives his retirement benefits. But

we are mindful of the old adage that bad facts make bad law, and the task before us is to uphold the integrity of the statutes as enacted by the General Assembly and as reasonably interpreted by OPERS.

{¶30} Under the current statutory scheme, if a member wants another person to complete, sign, and submit his OPERS retirement application, he must execute a written instrument granting that person power of attorney. Otherwise, the application is void. Accordingly, we affirm the trial court's final judgment granting OPERS's motion for summary judgment and denying Berry's motion for summary judgment.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR