**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Lawrence Cty. Bd. of Elections,* Slip Opinion No. 2019-Ohio-4766.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4766

THE STATE EX REL. KEITH *v*. LAWRENCE COUNTY BOARD OF ELECTIONS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Lawrence Cty. Bd. of Elections,* Slip Opinion No. 2019-Ohio-4766.]**

*Elections—Writ of prohibition sought to require board of elections to remove candidate's name from ballot and to not count votes candidate received for mayor in 2019 general election—Board of elections took no action on protest filed against candidate because it was untimely—Board of elections did not conduct a hearing and did not exercise quasi-judicial power—Cause dismissed.*

(No. 2019-1470—Submitted November 15, 2019—Decided November 20, 2019.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action in which relator, Katrina D. Keith, seeks a writ of prohibition requiring respondents, the Lawrence County Board of Elections and its members (collectively, "the board"),[1] to remove Samuel T. Cramblit II's name from the ballot and prohibiting them from counting the votes he received as a candidate for the office of Ironton mayor in the November 5, 2019 general election. Keith is Ironton's current mayor and Cramblit's opponent in the election. She alleges that the board should not have certified Cramblit's name to the ballot because he does not meet the residency qualification for the office under the city's charter. Because the board did not exercise quasi-judicial power regarding Cramblit's candidacy, Keith has failed to state a claim in prohibition. We therefore dismiss her claim.

## Background

{¶ 2} On August 7, 2019, Cramblit filed a petition with the board to be a nonpartisan mayoral candidate in the November 2019 general election. The board certified Cramblit as a candidate on August 15.

{¶ 3} On October 1, Keith notified the board that she was challenging Cramblit's candidacy. She argued that Cramblit is not qualified for the office because Ironton City Charter 3.01 requires the mayor to have been "an elector and resident of the City of Ironton, Ohio, for at least five years preceding the election." She submitted documents with her protest purporting to show that Cramblit voted in Athens County on November 4, 2014 (five years and a day before the November 2019 election) and that he registered to vote in Lawrence County on February 16, 2016 (about three years and nine months before the November 2019 election). On October 22, the board determined that Keith's protest was untimely and took no action on it.

---

1. The board members are Craig A. Allen, Randall L. Lambert, J.T. Holt, and Carl E. Bowen.

{¶ 4} On October 28, Keith filed this original action seeking a writ of prohibition to compel the board to remove Cramblit's name from the ballot and to prevent the board from counting any votes he received at the November 2019 election.

**Analysis**

{¶ 5} To be entitled to a writ of prohibition, Keith must prove that the board exercised quasi-judicial power without authority to do so and that she lacks an adequate remedy in the ordinary course of the law. *State ex rel. Save Your Courthouse Commt. v. Medina*, ___ Ohio St.3d ___, 2019-Ohio-3737, ___ N.E.3d ___, ¶ 23. Thus, "the first and fundamental element" of her claim requires her to show that the board exercised quasi-judicial power in placing (or in keeping) Cramblit's name on the ballot. *Id*. at ¶ 26.

{¶ 6} "Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (1999). A board of elections exercises quasi-judicial power when it "conducts a protest hearing pursuant to statute." *Save Your Courthouse* at ¶ 29. The board did not conduct a protest hearing in this case; the board took no action on Keith's protest after determining that it was untimely.

{¶ 7} Keith nevertheless argues that the board's inaction itself constituted an exercise of quasi-judicial power, because it allowed Cramblit's name to remain on the ballot. Although Keith cites *State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections*, 75 Ohio St.3d 44, 661 N.E.2d 699 (1996), in support of this argument, that case *confirms* that the board lacked authority to conduct a hearing in this case. In *Harbarger*, a board of elections scheduled a protest hearing even though the protest had been filed after the applicable statutory deadline and after the deadline for an elections board to invalidate a petition sua sponte. *Id*. at 44, 46. This court issued a

writ of prohibition to prevent the elections board from conducting a hearing that was not authorized by statute. *Id*. at 46-47.

{¶ 8} The board's decision to take no action in this case was consistent with *Harbarger*. Here, the deadline to file a protest against Cramblit's nominating petition was August 23. *See* R.C. 3513.263 (a written protest may be filed no later than 74 days before the election). And the board lacked authority to invalidate Cramblit's petition after September 6. *See* R.C. 3501.39(B) (a board of election shall not invalidate a nominating petition after the 60th day before the election). Keith filed her protest on October 1. The board thus had no legal authority to conduct a hearing and correctly declined to act on the protest.

{¶ 9} "When a public entity takes official action but does not conduct proceedings akin to a judicial trial, prohibition will not issue." *Save Your Courthouse*, ___ Ohio St.3d ___, 2019-Ohio-3737, ___ N.E.3d ___, at ¶ 27. Because the board did not conduct a hearing resembling a judicial trial, it did not exercise quasi-judicial power and Keith has not stated a valid claim in prohibition. We therefore dismiss Keith's complaint.

Cause dismissed.

O'CONNOR, C.J., and FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

KENNEDY and DEWINE, JJ., concur in judgment only.

_____

George L. Davis III Co., L.L.C., and George L. Davis IV, for relator.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Danielle M. Parker and Margaret Apel-Miller, Assistant Prosecuting Attorneys, as special prosecuting attorneys, for respondents.

_____