**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Fritz v. Trumbull Cty. Bd. of Elections,* **Slip Opinion No. 2021-Ohio-1828.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1828

THE STATE EX REL. FRITZ ET AL. *v.* TRUMBULL COUNTY

BOARD OF ELECTIONS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Fritz v. Trumbull Cty. Bd. of Elections,* **Slip Opinion No. 2021-Ohio-1828.]**

*Prohibition and Mandamus—Elections—Action to prevent a special recall election from being held—R.C. 731.17(B)—The term "majority vote," at least when it is applied to council action that is taken by motion, means at least a majority vote of the council members present at a meeting—A board of elections has a legal duty to reject a measure that does not comply with ballot-access requirements and to prohibit its placement on a ballot—Writ of prohibition denied—Writ of mandamus granted.*

(No. 2021-0641—Submitted May 27, 2021—Decided May 27, 2021.)

IN PROHIBITION and MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relators A. Joseph Fritz, Kathleen M. King, and Sandra Breymaier seek a writ of prohibition to prevent respondents, the

Trumbull County Board of Elections and its members, Mark Alberini, Arno Hill, Ronald Knight, and Diana Marchese (collectively, "the board"), from holding a June 1, 2021 special recall election on a measure to remove Breymaier from the city council of Newton Falls. Relators also request a writ of mandamus ordering the board to remove the recall election from the ballot.

{¶ 2} Relators are not entitled to a writ of prohibition because the board did not exercise quasi-judicial authority. But we grant relators a writ of mandamus because the Newton Falls city council has not duly passed a motion to set the recall election for June 1.

## I. Background

{¶ 3} Under the Newton Falls Charter, any member of the city council may be removed by a recall vote of the city's electors. Newton Falls Charter, Article VII, Section 4. The recall process begins with a petition demanding removal of the city council member. To be valid, the petition must contain a sufficient number of signatures of Newton Falls electors and be filed with the city clerk. *Id.* If the city clerk finds the petition sufficient, she must certify the petition to the council and deliver a copy of the certificate to the council member whose removal is sought. *Id.* If the council member does not resign within seven days after the clerk's delivery of the certificate, the council "shall thereupon fix a day for holding a recall election, not more than ninety (90) days after the date of such delivery." *Id.*

{¶ 4} On or about April 8, 2021, a group of Newton Falls electors presented to King, as clerk of the city council, a petition to recall Breymaier, the council member who represents Newton Falls's fourth ward. At that time, the city council consisted of five members: Adam Zimmerman, John Baryak, Tesa Spletzer, Tarry Alberini, and Breymaier. King certified the petition as sufficient and delivered a copy of the certification to Breymaier. Breymaier chose not to resign from her office. Accordingly, under the terms of the Newton Falls Charter, the council must

call for a recall election to be held by the voters in Newton Falls's fourth ward by July 7, 2021.

{¶ 5} On May 10, 2021, the city council convened a general meeting. At the time of the May 10 meeting, there were only four city council members present because Alberini had resigned a week earlier. A motion to schedule a special election for June 1, 2021, on Breymaier's recall was on the agenda. The council voted 2-1 in favor of the motion to set the recall-election date as June 1; Breymaier abstained due to a conflict of interest. Mayor Kenneth Kline, the presiding member of the council, declared that the motion had passed.[1]

{¶ 6} Fritz, the Newton Falls law director, disagreed with Mayor Kline's declaration. Fritz informed King that the motion had failed because it had not received a majority vote of the council members present at the meeting. King therefore did not deliver or transmit the motion to the board. However, Mayor Kline sent a letter to the board on May 13, informing it that the council had passed the motion and requesting that the board schedule an election on Breymaier's recall for June 1.

{¶ 7} Upon learning of Mayor Kline's letter to the board, Fritz sent a written protest to legal counsel for the board that same day, objecting to the recall election on the basis that the council had not passed the motion by a majority vote. On May 14, the board convened a special session and voted to set the recall election to occur on June 1, with early voting beginning on May 18. The board did not provide notice to Fritz that it would be considering his protest on that day, nor did the board hold a formal hearing on Fritz's protest.

{¶ 8} Relators commenced this action on May 17, seeking writs of prohibition and mandamus to prevent the board from holding the recall election and ordering the board to remove the recall measure from the June 1 ballot. We set an

---

1. The mayor of Newton Falls is the presiding member of the council, but the mayor may vote only in the event of a tie. Newton Falls Charter, Article II, Section 3.

expedited schedule for the parties to submit evidence and file briefs. __ Ohio St.3d __, 2021-Ohio-1704, __ N.E.3d __. The matter is fully briefed and ripe for decision.

## II. Analysis

### A. Writ of Prohibition

{¶ 9} To obtain a writ of prohibition, relators must prove that the board exercised quasi-judicial power, that it lacked the authority to do so, and that relators lack an adequate remedy in the ordinary course of the law. *See State ex rel. Keith v. Lawrence Cty. Bd. of Elections*, 159 Ohio St.3d 128, 2019-Ohio-4766, 149 N.E.3d 449, ¶ 5. Quasi-judicial power denotes the authority to hear and determine controversies "that require a hearing resembling a judicial trial." *State ex rel. Wright v. Ohio Bur. Of Motor Vehicles*, 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (1999); *see also State ex rel. Miller v. Hamilton Cty. Bd. of Elections*, __ Ohio St.3d __, 2021-Ohio-831, __ N.E.3d __, ¶ 21-27.

{¶ 10} The board did not exercise quasi-judicial power when it decided, over Fritz's protest, to set the recall election for June 1. Relators cite R.C. 3501.39(A) for the proposition that the board was required to conduct a quasi-judicial hearing on Fritz's protest. But that statute applies to protests of "any petition described in" R.C. 3501.38, which are declarations of candidacy, nominating petitions, or other petitions presented to a board of elections for the purpose of becoming a candidate or for the holding of an election on any issue. But Fritz was not protesting a petition; he was protesting the validity of the city council's May 10 vote to set a recall election for Breymaier's council seat on June 1. Accordingly, the board was not required to hold a hearing under R.C. 3501.39(A). And extraordinary relief in prohibition is not available when there is no statute or other law requiring a board of elections to conduct a quasi-judicial hearing on a protest. *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections*, 90 Ohio St.3d 238, 242, 736 N.E.2d 893 (2000); *see also State ex rel. Cornerstone*

*Developers, Ltd. v. Greene Cty. Bd. of Elections*, 145 Ohio St.3d 290, 2016-Ohio-313, 49 N.E.3d 273, ¶ 18 (this court declined to issue a writ of prohibition when the board of elections was not required to conduct a hearing). We therefore deny a writ of prohibition.

### B. Writ of Mandamus

{¶ 11} Relators also ask for a writ of mandamus ordering the board to remove the recall measure from the June 1 ballot. To be entitled to a writ of mandamus, relators must establish by clear and convincing evidence (1) a clear legal right to have the board remove the recall measure from the ballot, (2) a clear legal duty on the part of the board to do so, and (3) the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Nauth v. Dirham*, 161 Ohio St.3d 365, 2020-Ohio-4208, 163 N.E.3d 526, ¶ 11. Because of the proximity of the election scheduled for June 1, relators lack an adequate remedy in the ordinary course of law. *See State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 15.

{¶ 12} As to the first two elements, relators must show that the board engaged in fraud, corruption, an abuse of discretion, or a clear disregard of applicable law. *State ex rel. N. Olmsted v. Cuyahoga Cty. Bd. of Elections*, 93 Ohio St.3d 529, 532, 757 N.E.2d 314 (2001). In this case, the issue before us is whether the board clearly disregarded applicable law in deciding to conduct the special recall election on June 1. Extraordinary relief in mandamus is appropriate to keep a measure from the ballot when there is a "failure to comply with statutory ballot-access requirements." *Cornerstone Developers* at ¶ 22.

{¶ 13} When a "sufficient" recall petition is filed with the city clerk and the officer whose removal is sought does not resign, the Newton Falls Charter requires the council to act affirmatively to set the date of the recall election. Specifically, Article VII, Section 4 states that council "shall" fix the date for a recall election to occur within 90 days of the date the recall petition was delivered to the officer

sought to be removed. The question in this case is whether a majority of the council voted to set the recall election to take place on June 1.

{¶ 14} Article III, Section 9 of the Newton Falls Charter generally provides that the council shall exercise its powers "by a majority vote." Relators argue that a "majority vote" means a majority of the council members *who are present* at the meeting. Accordingly, relators contend that the May 10 vote to approve the June 1 recall election was not a majority vote because only two of the four council members voted in favor of the motion. The board disagrees, arguing that "a majority vote" under the Newton Falls Charter means a majority of the council members *who voted* on the measure.

{¶ 15} Relators are correct. R.C. 731.17(B) provides: "Action by the legislative authority, not required by law to be by ordinance or resolution, may be taken by motion approved by at least a *majority vote of the members present* at the meeting when the action is taken." (Emphasis added.) Though Breymaier abstained from voting on the motion, she was present at the May 10 meeting and is therefore counted as part of the total number for purposes of calculating a majority. *See State ex rel. Keyes v. Ohio Pub. Emps. Retirement Sys.*, 123 Ohio St.3d 29, 2009-Ohio-4052, 913 N.E.2d 972, ¶ 25. So under R.C. 731.17(B), *three* affirmative votes were required to pass the motion. *Keyes* at ¶ 18 (a "majority" always refers to more than half of a defined set).

{¶ 16} R.C. 731.17(B) applies here because the Newton Falls Charter and codified ordinances incorporate it. Article I, Section 2 of the Newton Falls Charter provides that the city shall have "all powers of local self-government * * * granted to municipalities by the Constitution and laws of Ohio" and that such powers "shall be exercised in the manner prescribed by this Charter, or if not prescribed herein, by ordinance of the Council." In turn, the codified ordinances of Newton Falls specify that all council meetings "shall be conducted in accordance with the City Charter, the applicable laws of the State of Ohio, and, unless otherwise herein

specified, the rules and procedures outlined in 'Robert's Rules of Order.' " *Newton Falls Codified Ordinance* 121.03(a)(1). When read together, these provisions dictate that R.C. 731.17(B) applies to votes taken by the Newton Falls council.

{¶ 17} This court construes municipal charters to give effect to all separate provisions and, whenever possible, to harmonize them with statutory provisions. *See, e.g.*, *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 31; *State ex rel. Commt. for the Proposed Ordinance to Repeal Ordinance No. 146-02, W. End Blight Designation v. Lakewood*, 100 Ohio St.3d 252, 2003-Ohio-5771, 798 N.E.2d 362, ¶ 20; *State ex rel. Ditmars v. McSweeney*, 94 Ohio St.3d 472, 477, 764 N.E.2d 971 (2002). Therefore, "[i]n the absence of express language in a charter demonstrating a conflict with a statute, it is the duty of courts to harmonize the provisions of the charter and statutes relating to the same matter." *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections*, 86 Ohio St.3d 107, 112, 712 N.E.2d 696 (1999); *see also N. Olmsted*, 93 Ohio St.3d at 533, 757 N.E.2d 314; *Finkbeiner* at ¶ 31.

{¶ 18} The Newton Falls Charter contains no express language that conflicts with R.C. 731.17(B). In Article III, Section 9, the charter states generally that all the city's powers are vested in the council, which shall exercise its powers "by a majority vote." But the charter is silent as to how a council majority is determined when one or more members abstain, whether due to a conflict of interest (as with Breymaier in this case) or otherwise. And if the charter is harmonized with the Revised Code, the term "majority vote," at least when it is applied to council action that is taken by motion, means at least a majority vote of the members present at the meeting.

{¶ 19} In arguing that only the voting members should be counted for purposes of determining a majority, the board relies on *State ex rel. Shinnich v. Green*, 37 Ohio St. 227 (1881), for the proposition that those who abstain from voting are deemed to have acquiesced to the action taken by the majority of those

who do vote. In *Shinnich*, we determined that action by a city council was validly taken by a majority of legal voters who voted on a measure, even though the number of members voting was less than a majority of those present. *Id.* at 232. Though *Shinnich* involved only an organizational matter—i.e., the mode of electing one of the members to be the clerk of council—the board contends that the principle applies to other types of actions taken by a municipal legislative body. *See, e.g., Babyak v. Allen*, 106 Ohio App. 191, 154 N.E.2d 14 (9th Dist.1958) (holding that a six-member village-council vote of 3-2 with one abstention was sufficient for passage of a zoning ordinance); *but see State ex rel. Corrigan v. Tudhope*, 41 Ohio St.2d 57, 60, 322 N.E.2d 675 (1975) (this court declined to extend the application of the *Shinnich* rule outside the context of a legislative body's dispute over the mode of voting).

{¶ 20} *Shinnich*, however, does not provide the applicable rule in this case. Even if we were willing to apply *Shinnich* outside the context of a municipal legislative authority's vote on an organizational matter, the language of R.C. 731.17(B) takes *Shinnich*'s holding out of play. Because R.C. 731.17(B) applies to the procedure governing motions before the Newton Falls council, a majority vote of the members who were present was required for passage of the motion setting Breymaier's recall election.

{¶ 21} For these reasons, the Newton Falls council did not pass the motion to fix June 1, 2021, as the date of the recall election. The motion failed for want of one vote. The board has a legal duty to reject a measure that does not comply with ballot-access requirements and to prohibit its placement on the ballot. *See State ex rel. Burech v. Belmont Cty. Bd. of Elections*, 19 Ohio St.3d 154, 155, 484 N.E.2d 153 (1985). Accordingly, we grant relators a writ of mandamus ordering the board to remove the issue of Breymaier's recall from the June 1, 2021 special-election ballot.

Writ of mandamus granted and
writ of prohibition denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., not participating.

_____

Calfee, Halter & Griswold, L.L.P., James F. Lang, Nicholas A. Bonaminio, and Brandon E. Brown, for relators.

Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, and Frank H. Scialdone; and Dennis Watkins, Trumbull County Prosecuting Attorney, for respondents.

_____