THE STATE EX REL. PARROTT ET AL. *v.* BRUNNER, SECY. OF STATE.

[Cite as *State ex rel. Parrott v. Brunner,*
117 Ohio St.3d 175, 2008-Ohio-813.]

(No. 2008–0410—Submitted February 28, 2008—Decided February 29, 2008.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of prohibition and other writ to prevent respondent, the secretary of state, from enforcing—for the March 4, 2008 primary election—her directive requiring boards of elections to provide an optical-scan ballot to any elector who requests the ballot in lieu of casting a ballot using a direct-recording electronic voting machine. Because relators' claims are not cognizable in prohibition or in an other writ pursuant to R.C. 2503.40, we deny the writs.

{¶ 2} On January 2, 2008, the respondent, Secretary of State Jennifer Brunner, issued Directive 2008–01, which ordered that all boards of elections using direct-recording electronic ("DRE") voting machines "provide an optical scan ballot to any voter who requests it as an alternative method to casting a ballot on a DRE voting machine." The Union County Board of Elections thereafter deadlocked two-to-two on the motion of relator board member Robert W. Parrott not to comply with the directive. On February 5, the secretary of state broke the tie vote by voting against Parrott's motion and ordering the board of elections to immediately follow the directive.

{¶ 3} The Union County Commissioners filed an action for declaratory and injunctive relief in common pleas court challenging the secretary's directive. The common pleas court dismissed the action.

{¶ 4} On February 22, relators, Parrott and the Union County Board of Commissioners, filed this expedited election action for a writ of prohibition and other writ to prevent the secretary of state from implementing the directive. The secretary filed an answer, and the parties submitted briefs and evidence.

### Prohibition and Other Writ

{¶ 5} Although relators have captioned their complaint as for a writ of prohibition or other writ, this is not a case for which an extraordinary writ is proper. In seeking to challenge the implementation of the directive, relators contend that the secretary has abused her discretion by exercising her "quasi-judicial authority" to break a tie vote.

{¶ 6} To be entitled to the requested writ of prohibition, relators must establish that the secretary of state is about to exercise or has exercised judicial or quasi-judicial power. *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff*, 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 9.

{¶ 7} The secretary of state, not being a judge, has not exercised judicial power. Nor has she exercised quasi-judicial power in either issuing the directive or in breaking the elections board's tie vote on whether to comply with the directive. "Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908.

{¶ 8} Prohibition will not lie to prevent an action by an election official or board when there is no requirement to hold a quasi-judicial hearing on the matter. *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 241–242, 736 N.E.2d 893; *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 72, 647 N.E.2d 769. There is no requirement for the secretary of state to hold a hearing resembling a judicial trial when the secretary issues a directive, for a board of elections to hold a quasi-judicial hearing on whether it should comply with a directive, or for the secretary of state to conduct a quasi-judicial proceeding to break a tie vote of the board of elections on whether to comply with the secretary's directive. Cf. R.C. 3501.39(A)(1) and (2), requiring hearings on written protests against petitions and candidacies. In addition, there is no evidence here that either the secretary or the board of elections conducted a hearing at which sworn testimony was introduced. See *Baldzicki*, 90 Ohio St.3d at 242, 736 N.E.2d 893.

{¶ 9} The cases that relators cite to support their assertion that a writ of prohibition is appropriate in cases involving a tie-breaking vote by the secretary of state are inapposite because they either involve writs that do not require the exercise of quasi-judicial authority, see *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149 (mandamus); *State ex rel. Ferguson v. Brown* (1962), 173 Ohio St. 317, 19 O.O.2d 227, 181 N.E.2d 890 (mandamus); *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 5, 598 N.E.2d 1152 (mandamus); *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 651 N.E.2d 995 (quo warranto), or they do not make clear whether a quasi-judicial hearing on protests had been required. See *State ex rel. The Limited, Inc. v. Franklin Cty. Bd. of Elections* (1993), 66 Ohio St.3d 524, 613 N.E.2d 634 (assistant secretary of state broke elections board's tie vote on whether a rezoning issue should be placed on the ballot); *State ex rel. Brady v. Blackwell*, Cuyahoga App. No. 88827, 2006-Ohio-5906, 2006 WL 3233944 (assistant secretary of state broke tie vote after board hearing to determine protests challenging candidacy).

{¶ 10} Therefore, relators are not entitled to the requested extraordinary relief in prohibition.

{¶ 11} Moreover, relators are not entitled to the requested "other writ" under R.C. 2503.40, which provides that "[i]n addition to the original jurisdiction conferred by Section 2 of Article IV, Ohio Constitution, the supreme court when in session, and on good cause shown, may issue writs of supersedeas in any case, and other writs not specially provided for and not prohibited by law, when necessary to enforce the administration of justice." We have never granted an other writ pursuant to R.C. 2503.40 as a substitute for a writ of prohibition, and we will not do so here. Cf. *Smith v. Granville Twp. Bd. of Trustees* (1996), 77 Ohio St.3d 1215, 671 N.E.2d 1277 (court granted other writ to impound ballots of a merger vote pending the court's resolution of a discretionary appeal).

## Conclusion

{¶ 12} Because relators' action for extraordinary relief does not raise claims cognizable in prohibition or in any other writ under R.C. 2503.40, we deny the writs. By so holding, we do not decide the remaining issues raised by the parties, which would be properly addressed in another forum. "This is consistent with our general rule that we will not issue advisory opinions, which we have applied to election cases." *State ex rel. Todd v. Felger,* 116 Ohio St.3d 207, 2007-Ohio-6053, 877 N.E.2d 673, ¶ 13.

Writs denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

David W. Phillips, Union County Prosecuting Attorney, and Melissa A. Chase, Assistant Prosecuting Attorney; and Bricker & Eckler, L.L.P., Luther L. Liggett Jr., and Maria J. Armstrong, for relators.

Marc Dann, Attorney General, and Richard N. Coglianese, Damian W. Sikora, Pearl M. Chin, and Amy S. Brown, Assistant Attorneys General, for respondent.