THE STATE EX REL. WRIGHT *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Wright v. Cuyahoga Cty. Bd. of Elections,* 120 Ohio St.3d 92, 2008-Ohio-5553.]

(No. 2008–2005—Submitted October 24, 2008—Decided October 27, 2008.)

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of prohibition to prevent a board of elections from placing a proposed charter amendment submitted by the city council on the November 4, 2008 election ballot. Because the board did not exercise quasi-judicial power, we deny the writ.

### Submission of Proposed Charter Amendment

{¶ 2} In early September 2008, the Cleveland City Council enacted Ordinance No. 1319–08, which authorized the submission of a proposed charter amendment relating to the city's civil-service system to the city electorate at the November 4, 2008 general election.

### Protest

{¶ 3} Relator, Milton Wright, is a resident and elector of Cleveland. In mid-September, Wright filed a protest in affidavit form with respondent, Cuyahoga County Board of Elections, against the placement of the proposed charter amendment on the November 4 general election ballot. Wright claimed that the placement of the amendment on the November 4 ballot violated the Cleveland Charter and the Ohio Constitution.

## Board of Elections Proceeding

{¶ 4} On October 7, the board of elections conducted a proceeding on Wright's protest as well as other protests against the placement of the proposed charter amendment on the November 4 election ballot.[1]  No evidence was introduced at the proceeding, and after hearing the arguments of counsel, the board voted to deny the protests.

## Expedited Election Case

{¶ 5} On October 15, Wright filed this expedited election case for a writ of prohibition to prevent the board of elections from placing the proposed charter amendment on the November 4 election ballot.  Pursuant to a court-ordered schedule, the board filed an answer on October 20, and the parties filed evidence and briefs on October 24.  This cause is now before the court for our consideration of the merits.

## Prohibition

{¶ 6} Wright claims that he is entitled to a writ of prohibition and that the board "has exercised its *quasi-judicial authority* by rejecting [his] protest" (emphasis sic) and deciding to place the proposed charter amendment on the November 4 general election ballot.

{¶ 7} To be entitled to the requested writ of prohibition, Wright must establish, among other things, that the board of elections is about to exercise or has exercised quasi-judicial power.  *State ex rel. Parrott v. Brunner*, 117 Ohio St.3d 175, 2008-Ohio-813, 882 N.E.2d 908, ¶ 6. " 'Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial.' " (Emphasis sic.)  *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 16, quoting *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908.

{¶ 8} When no statute or other pertinent law *requires* the board of elections to conduct a hearing resembling a judicial trial, the board does not exercise quasi-judicial authority regardless of whether protests have been filed.  *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893.  In *Baldzicki*, the court denied a writ of prohibition to prevent the board of elections from placing a rezoning ordinance on the city's election ballot

---

1. The other protesters filed a similar expedited election action in prohibition and mandamus to prevent the board of elections from placing the proposed charter amendment on the November 4 election ballot, but we subsequently granted their application to dismiss the case.  *State ex rel. Madigan v. Cuyahoga Cty. Bd. of Elections*, 119 Ohio St.3d 1491, 2008-Ohio-5339, 894 N.E.2d 1247 (case No. 2008–1938).

where the ordinance provided for the submission of rezoning to the electorate. The court reasoned that "no statute or other pertinent law *required* the board to conduct a hearing resembling a quasi-judicial hearing on their protest against the placement of [the ordinance] on the election ballot." (Emphasis sic.) Id.; see also *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 72, 647 N.E.2d 769 (prohibition will not issue to prevent a board of elections from conducting an election, because the board was not required to hold a quasi-judicial hearing).

{¶ 9} Similarly, the city council here enacted Ordinance No. 1319–08, which provided for the submission of the proposed charter amendment to the electorate, and no statute or other law *required* the board to conduct a quasi-judicial hearing on Wright's protest challenging the ordinance. This is not a case involving written protests against *petitions* or *candidacies,* which would have required quasi-judicial proceedings. Cf. R.C. 3501.39(A)(1) and (2).

{¶ 10} As noted previously, "[p]rohibition will not lie to prevent an action by an election official or board when there is no requirement to hold a quasi-judicial hearing on the matter." *Parrott,* 117 Ohio St.3d 175, 2008-Ohio-813, 882 N.E.2d 908, ¶ 8, citing *Baldzicki,* 90 Ohio St.3d at 241–242, 736 N.E.2d 893.

{¶ 11} In fact, there is no indication that any sworn evidence, testimonial or otherwise, was introduced at the proceeding before the board of elections on the protests. See *Baldzicki,* 90 Ohio St.3d at 242, 736 N.E.2d 893 (board did not conduct a hearing resembling a judicial trial because "[n]o sworn testimony was introduced at the hearing, and despite relators' reliance on counsel statements noting the presence of evidence folders or packets at the hearing, these documents were not formally introduced into evidence at the hearing and were not made part of the board hearing record").

{¶ 12} Therefore, the board of elections did not exercise quasi-judicial authority in placing the proposed charter amendment on the ballot.

### Conclusion

{¶ 13} Based on the foregoing, Wright has not established his entitlement to the requested extraordinary relief in prohibition. Accordingly, we deny the writ. We will not address the remaining issues, i.e., laches and the propriety of placing the proposed charter amendment on the November 4 ballot under the Ohio Constitution or the Cleveland Charter, because those issues are rendered moot by our holding. See *State ex rel. Barletta v. Fersch,* 99 Ohio St.3d 295, 2003-Ohio-3629, 791 N.E.2d 452, ¶ 22 ("we will not issue advisory opinions, and this rule applies equally to election cases").

Writ denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Kevin P. Prendergast, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini and Charles E. Hannan, Assistant Prosecuting Attorneys, for respondent.