# THE STATE EX REL. SCHERACH *v.* LORAIN COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Scherach v. Lorain Cty. Bd. of Elections,*

123 Ohio St.3d 245, 2009-Ohio-5349.]

*Elections — Certification to fill vacancy in municipal office — Quasi-judicial hearing by county board of elections not required — R.C. 3513.31(I) and 3501.39 — Writ of prohibition denied.*

(No. 2009-1685 — Submitted October 5, 2009 — Decided October 8, 2009.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1}  This is an expedited election action for a writ of prohibition to prevent a board of elections and its members from placing on the November 3, 2009 general election ballot the name of a person as a candidate to fill the unexpired term of a city law director who had resigned.  Because the board of elections did not exercise quasi-judicial authority in certifying the name to the election ballot, we deny the writ.

## Facts

*Vacancy and Selection of Candidate*

{¶ 2}  Mark R. Provenza was elected law director of the city of Lorain, Ohio, and served in that office beginning in January 2000.  Provenza was last elected to serve a term of office as law director from January 1, 2008, to December 31, 2011.  On March 31, 2009, however, Provenza resigned.

{¶ 3}  On April 30, 2009, the Central Committee of the Lorain County Democratic Party held a meeting at which it appointed intervening respondent, Patrick D. Riley, pursuant to R.C. 733.31, to the office of law director until a

successor was elected and qualified by law. The committee's appointment of Riley and his acceptance of the appointment were documented on Secretary of State Form No. 291, which was entitled "Certification by Party Central Committee to Fill a Vacancy in County Office or City Office." Riley took office as interim law director on May 4, and the completed form was delivered to the board of elections and subsequently time-stamped on June 3.

{¶ 4} At the April 30 meeting, the Lorain County Democratic Party Central Committee also appointed Riley as its candidate for the election to fill Provenza's unexpired term of office as city law director. The chairperson and the secretary of the committee signed Secretary of State Form No. 289, which is prescribed by the secretary of state for the certification of the selection of a candidate to fill a vacancy in a party nomination pursuant to R.C. 3513.31. Riley signed the portion of the form for his acceptance of the nomination, and the director of respondent Lorain County Board of Elections notarized the completed form. Both completed forms were then given to the director, who placed them in a manila file folder and accepted them in his official capacity on behalf of the board of elections.

{¶ 5} The director of the board of elections brought the folder containing the forms to the board of elections the next day, and he initially placed the folder on his desk, where another board employee saw them and confirmed that the forms had been properly completed. The director took the file with the completed forms and placed them on the desk of a board employee to continue processing them. The completed Form No. 291 was further processed by the board's sending a copy to the secretary of state on May 5 and the board's time-stamping it on June 3. The completed Form No. 289, however, was subsequently determined to be missing from the board records. Neither the original nor a copy of the form has been located. The board of elections has no set protocol to time-stamp the

forms containing party nominations for vacancies, and the majority of these documents have not been time-stamped in the past.

{¶ 6}  On August 17, 2009, the Central Committee of the Lorain County Republican Party selected relator, Michael J. Scherach, as its candidate for city law director.  The committee's Form No. 289 certifying its selection of Scherach as its nominee for law director and noting his acceptance of the nomination was filed with the board of elections before 4:00 p.m. on August 19.

*August 27, 2009 Board of Elections Meeting*

{¶ 7}  The board of elections scheduled a meeting for August 27 to certify candidates for the November 3, 2009 general election.  The board of elections issued a press release before the meeting in which it noted that it may exercise its discretion at the meeting "to conduct a hearing, take statements and or accept legal authority regarding the certification of Patrick D. Riley to the ballot as the Democratic candidate for Lorain City Law Director."

{¶ 8}  At its August 27 meeting, the board heard testimony from several witnesses concerning the matter, and Scherach and Riley or their counsel questioned witnesses.  The board's counsel noted, however, that the proceeding was not comparable to a trial.  Scherach submitted a memorandum in which he claimed that the board of elections should not certify Riley to the ballot as the Democratic Party candidate for Lorain law director, because there was no "conclusive evidence" of the committee's certification of Riley as its nominee.  Riley submitted a memorandum supporting his certification as a candidate for law director.

{¶ 9}  At the conclusion of the meeting, the board of elections certified Riley to the November 3 general election ballot as a candidate for city law director.

*Protest*

**{¶ 10}** On August 31, Scherach filed a written protest with the board of elections contesting the board's certification of Riley as a candidate for law director. Scherach claimed that the purported committee certification of Riley as a candidate and Riley's acceptance of the nomination did not comply with R.C. 3513.31(I) because the form did not exist. Scherach requested a hearing on his protest pursuant to R.C. 3501.38 and 3501.39 and submitted a memorandum in support of his protest.

**{¶ 11}** At a special board meeting on September 8, the board of elections voted to file the protest but to take no action on it. At the meeting, the board's counsel stated his opinion that a protest proceeding was not available and that even if it were, Scherach lacked standing.

*Prohibition Case*

**{¶ 12}** On September 18, Scherach filed this expedited election action for a writ of prohibition to prevent respondents, the Lorain County Board of Elections and its members, from placing Riley's name on the November 3 general election ballot as a party candidate for Lorain law director. The board and its members filed an answer, Riley intervened as an additional respondent, and the parties filed evidence and briefs pursuant to S.Ct.Prac.R. X(9). We grant Scherach's motion to amend his complaint.

**{¶ 13}** This cause is now before the court for our consideration of the merits.

**Legal Analysis**

*Prohibition: Quasi-Judicial Power*

**{¶ 14}** To be entitled to the requested writ of prohibition, Scherach must first establish that the board of elections and its members are about to exercise or have exercised judicial or quasi-judicial power. *State ex rel. Parrott v. Brunner*, 117 Ohio St.3d 175, 2008-Ohio-813, 882 N.E.2d 908, ¶ 6. Not being judges, the board and its members have not exercised judicial power. Id. at ¶ 7.

**{¶ 15}** We have defined quasi-judicial authority as " 'the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial.' (Emphasis added.)" *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 16, quoting *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908; see also *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893.

**{¶ 16}** Scherach claimed in his memorandum supporting his protest that a hearing resembling a judicial trial was required upon his protest by R.C. 3501.39, which provides:

**{¶ 17}** "(A) The secretary of state or *a board of elections shall accept any petition described in section 3501.38 of the Revised Code* unless one of the following occurs:

**{¶ 18}** "* * *

**{¶ 19}** "(2) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law." (Emphasis added.)

**{¶ 20}** R.C. 3501.39(A)(2), however, applies solely to petitions described by R.C. 3501.38, which in turn refers to "[a]ll declarations of candidacy, nominating petitions, or other petitions presented to or filed with * * * a board of elections * * * for the purpose of becoming a candidate for any nomination or office." By contrast, this case involves a person whose candidacy originated not by declaration of candidacy or nominating or other petition but by certification of a selection by an appropriate committee of a political party to fill the unexpired term of a person who had resigned. See R.C. 3513.31(I). The main cases cited by Scherach are inapposite because they involved persons filing declarations of candidacy or candidacy petitions. Cf. *State ex rel. Wellington v. Mahoning Cty.*

*Bd. of Elections*, 120 Ohio St.3d 198, 2008-Ohio-5510, 897 N.E.2d 641, ¶ 10 (write-in candidate for sheriff at primary election), citing *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections*, 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 17 (independent candidate for municipal court judge).

{¶ 21} If the General Assembly had intended that the certification of a candidate for election to fill a vacancy caused by death or resignation under R.C. 3513.31(I) be by a declaration of candidacy or a nominating petition for purposes of being subject to a protest under R.C. 3501.39(A)(2), it would have done so by appropriate language, as it has in certain other circumstances. See, e.g., R.C. 3513.253 (nominations of candidates for township officers to be by petition) and R.C. 3513.254 (nominations of candidates for boards of education to be by petition). The General Assembly did not do so.

{¶ 22} Therefore, there is no requirement under R.C. 3501.39(A)(2) for the board of elections to conduct a quasi-judicial hearing on the issue of whether Riley was properly certified under R.C. 3513.31(I). The fact that Scherach filed a protest does not alter this conclusion. "When no statute or other pertinent law *requires* the board of elections to conduct a hearing resembling a judicial trial, the board does not exercise quasi-judicial authority regardless of whether protests have been filed." (Emphasis sic.) *State ex rel. Wright v. Cuyahoga Cty. Bd. of Elections*, 120 Ohio St.3d 92, 2008-Ohio-5553, 896 N.E.2d 706, ¶ 8.

{¶ 23} Moreover, the mere fact that the board of elections actually held a hearing resembling a judicial trial before certifying Riley's name as a candidate for city law director does not warrant a different conclusion. The dispositive fact is that no statute or other law *required* the board to do so. See *State ex rel. Janosek v. Cuyahoga Support Enforcement Agency*, 123 Ohio St.3d 126, 2009-Ohio-4692, 914 N.E.2d 404, ¶ 1 ("Because no statute or other pertinent law *required* the agency to conduct a hearing resembling a judicial trial when it issued its notice to withhold income for spousal support, the agency did not exercise the

judicial or quasi-judicial authority required for appellants to be entitled to the requested extraordinary relief in prohibition" [emphasis sic]).

**{¶ 24}** Therefore, the board of elections did not exercise judicial or quasi-judicial authority in certifying Riley's name as a candidate for Lorain Law Director on the November 3 general election ballot.

### Conclusion

**{¶ 25}** Therefore, because Scherach has not established his entitlement to the requested extraordinary relief in prohibition, we deny the writ. Because this ground disposes of Scherach's prohibition claim, we need not address the remaining requirements or claims. See *Wright*, 120 Ohio St.3d 92, 2008-Ohio-5553, 896 N.E.2d 706, ¶ 13. We note that the unavailability of the extraordinary writ of prohibition did not leave Scherach without a remedy. He could have raised his claim in a common pleas court action for a prohibitory injunction.

Writ denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Michael J. Scherach, pro se.

Dennis P. Will, Lorain County Prosecuting Attorney, and Gerald A. Innes, Assistant Prosecuting Attorney, for respondents.

Jeffries, Kube, Forrest & Monteleone Co., L.P.A., and David A. Forrest, for intervening respondent.

_____