**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3668.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-Ohio-3668

THE STATE EX REL. KING, MAYOR, *v*. CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3668.]**

*Elections—Prohibition—Board of elections not prohibited from presenting city-charter amendment and mayoral-recall election issues to electorate when protest challenging those issues was not presented in manner that required board to hold quasi-judicial hearing under R.C. 3501.39(A)(1) or (2)—Writ denied.*

(No. 2023-1227—Submitted October 5, 2023—Decided October 8, 2023.)

IN PROHIBITION.

————————————

**Per Curiam.**

{¶ 1} In this expedited election case, relator, Brandon L. King, mayor of East Cleveland, seeks a writ of prohibition ordering respondents, Cuyahoga County

Board of Elections and its individual members (collectively, "the board"),[1] to (1) remove a proposed East Cleveland city-charter amendment from the November 7, 2023 general-election ballot and (2) refrain from going forward with a special mayoral-recall election on December 5, 2023. King also seeks a temporary restraining order ("TRO") and preliminary injunction under Civ.R. 65, asking that the elections on the proposed city-charter amendment and the mayoral recall not go forward pending our ruling in this case. We deny the writ and deny as moot the motion for a TRO and preliminary injunction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Dispute Regarding the City's Clerk of Council

{¶ 2} The root of the dispute in this case lies with whether Eric Brewer is legitimately the clerk of the East Cleveland City Council. In March 2023, council member Juanita Gowdy, acting as council president, appointed Brewer as clerk of council. King does not recognize Gowdy as the council president, because he does not believe she was validly elected to the position. Because King does not believe Gowdy has been validly elected to the position of council president, he also believes that Brewer has not been validly appointed clerk of council.

{¶ 3} King also argues that Brewer is not the valid clerk of council because he was not appointed by a majority of the "legitimate" council members, as required by Section 102 of the East Cleveland Charter. In King's view, the city does not currently have a clerk of council.

---

1. The individual respondents are Board Chair Henry F. Curtis IV and board members Inajo Davis Chappell, Terence McCafferty, and Lisa Stickan.

## B. Proposed City-Charter Amendment (Issue 48)

{¶ 4}   Under Section 94 of the East Cleveland Charter,[2] proposed charter amendments "may be submitted to the electors of the city by a four-fifths vote of the Council."   Upon such a vote by the council, "[t]he amendment shall be submitted to the electors at the next regular municipal election if one shall occur not less than sixty (60) nor more than one hundred and twenty (120) days after its passage; otherwise, it shall provide for the submission of the amendment at a special election to be called and held within the time aforesaid." *Id.*

{¶ 5}   On August 9, 2023, the council passed Resolution No. 57-23, proposing to revise Section 115 of the East Cleveland Charter to change the mayoral primary election from a partisan to nonpartisan contest.  On September 8, Brewer submitted to the board a certification that the council had adopted Resolution No. 57-23 by a four-fifths majority vote for placement on the November 7 general-election ballot.  Brewer included a copy of Resolution No. 57-23 signed by Gowdy as president of council and by Brewer as clerk of council, but it was not signed by King as mayor.  On September 11, the board voted unanimously to approve the proposed city-charter amendment for placement on the November 7 general-election ballot as Issue 48.

{¶ 6}   On September 21, the board received an email from East Cleveland Law Director Willa Hemmons with the subject line "Eric Brewer is not East Cleveland Clerk of Council."  Hemmons referred the board to *State ex rel. Martin v. Shabazz*, 8th Dist. Cuyahoga No. 112477, a quo warranto case pending in the Eighth District Court of Appeals.  According to Hemmons, the outcome in *Martin* will resolve "the legal make-up of the East Cleveland City Council, and the City Administration."  She therefore asked that the board "refrain from allowing any

---

2. The East Cleveland Charter is accessible through the city's government website. *See City Charter & Codified Ordinances* at https://www.eastcleveland.org/government/city_charter___codified_ordinances/index.php (accessed Oct. 7, 2023) [https://perma.cc/ZG5J-3FD4].

electoral actions on the ballot" until the court of appeals issues a decision in *Martin*. Hemmons also contended that Issue 48 should not be on the November 7 general-election ballot because King had vetoed Resolution No. 57-23. Attached to Hemmons's email was a copy of an August 10 letter from King informing the council president and vice president of his veto.

{¶ 7} Brewer sent an email to the board on September 22, disputing Hemmons's claim that King had vetoed Resolution No. 57-23. According to Brewer, King had not actually vetoed Resolution No. 57-23, because he had not complied with the requirements under the city's charter for exercising a mayoral veto. Brewer also asserted his authority as the legitimate clerk of council and attached to his email a copy of his oath of office, dated March 12, 2023.

{¶ 8} On September 25, Hemmons sent another email to the board. In addition to reiterating the importance of the pending litigation in *Martin*, Hemmons directed the board to another pending case, *Brewer v. E. Cleveland*, Cuyahoga C.P. No. CV-23-981131, and attached to her email a copy of a journal entry filed by the trial-court judge in that case on June 21, 2023. In that case, Brewer and Justyn Anderson, claiming to have been appointed the clerk of council and the deputy clerk of council, respectively, sued King and the city for declaratory and injunctive relief. They allege that the city, at King's direction, has failed to pay their wages and benefits, has denied them access to city hall, and "has generally not treated them as though they had lawful appointments."

{¶ 9} The trial court stayed the proceedings in Brewer and Anderson's lawsuit pending the resolution of the quo warranto action in *Martin*, 8th Dist. Cuyahoga No. 112477, on the ground that their entitlement to relief "necessarily requires a determination of whether Shabazz is lawfully appointed" as a city-council member. In Hemmons and King's view, the trial court's unwillingness to grant Brewer's request for injunctive relief demonstrates that Brewer is not the current clerk of council.

**{¶ 10}** After receiving the aforementioned emails from Hemmons and Brewer, the board identified Issue 48 as an agenda item to be discussed at its September 27 meeting.

### C. Mayoral-Recall Election

**{¶ 11}** Under the East Cleveland Charter, the process for recalling a city officeholder is formally initiated by the filing of a recall petition with the clerk of council. *See* East Cleveland Charter, Section 49. The clerk must certify whether the petition contains the signatures of at least 25 percent of the city's voters who voted in the last regular municipal election. *Id.*, Section 53. If the petition contains enough signatures, the clerk must "serve notice of that fact upon" the officeholder designated in the recall petition and deliver a copy of the petition to "the election authorities" along with the certification regarding the percentage of voters who cast ballots in the last municipal election. *Id.* The officeholder designated in the recall petition may submit a written resignation within five days of the clerk's certification. *Id.*, Section 54. If the designated officeholder does not resign within that five-day period, "the election authorities shall forthwith order and fix a day for holding a recall election," with the fixed day being no later than 90 days after the expiration of the five-day resignation period. *Id.*; *see also State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, 170 Ohio St.3d 42, 2022-Ohio-3613, 208 N.E.3d 787, ¶ 2-4 (describing the recall process under the East Cleveland Charter).

**{¶ 12}** In a letter dated September 20, 2023, Brewer notified King that a petition for King's recall as mayor had been submitted. The petition contained 789 signatures of city voters, which was more than 25 percent of the number of voters who had voted in the 2021 municipal election. On September 26, Brewer filed a notice with the board, stating that King had been notified of the sufficiency of the recall petition and that King had not resigned as mayor within five days of the notification. Brewer asked the board to "fix the day of the recall election of Mayor King" under Section 54 of the city's charter. After receiving the notice from

Brewer, the board placed the issue of the East Cleveland mayoral recall on its September 27 meeting agenda as an item for discussion.

### D. The September 27 Board Meeting

{¶ 13} At its September 27 meeting, the board heard from Brewer, King, and Hemmons regarding the propriety of Issue 48's having been placed on the November 7 general-election ballot. The board noted at least four times, however, that it was not conducting a hearing. Regarding the proposed city-charter amendment, the board chair indicated that the meeting's attendees were "[t]here for a discussion" about Issue 48's having been placed on the ballot since the board had received information from Hemmons and Brewer about the matter. And with regard to the mayoral-recall issue, the board was advised by its counsel that the board's role was "purely administrative" and that it "need[ed] to act" based on having received the certification that a sufficient recall petition had been submitted.

{¶ 14} The board voted to take no further action with respect to its prior decision to place Issue 48 on the November 7 general-election ballot. Concerning the request to schedule a mayoral-recall election, the board accepted the certification and scheduled the East Cleveland mayoral recall for a special election on December 5, 2023.

{¶ 15} King commenced this action on September 27, seeking a writ of prohibition (1) preventing the board from keeping Issue 48 on the ballot and, if necessary, ordering the board to provide voters with "supplemental information" explaining that the issue has been eliminated from the ballot and (2) ordering that the December 5 mayoral-recall election not be held. King has also filed a motion for a TRO and preliminary injunction under Civ.R. 65, seeking the same relief pending this court's resolution of this action. The gravamen of King's claim is that the board could not accept the proposed city-charter amendment or the mayoral-recall petition from Brewer, because Brewer is not the legitimate clerk of council.

The parties have submitted evidence and briefs in accordance with the expedited schedule we set.  *See* __ Ohio St.3d __, 2023-Ohio-3486, __ N.E.3d __.

## II.  ANALYSIS

### A.  Motion for Leave to File Rebuttal Evidence

**{¶ 16}** Along with his reply brief, King filed a motion for leave to file rebuttal evidence.  Attached to his motion are several exhibits that King offers in response to issues raised in the board's merit brief.  We grant King's motion pursuant to S.Ct.Prac.R. 12.08(A)(2)(d) and deem his rebuttal evidence filed as part of the record in this case.

### B.  Writ of Prohibition

**{¶ 17}** To be entitled to a writ of prohibition, King must prove that the board exercised quasi-judicial power, that it lacked the authority to do so, and that he lacks an adequate remedy in the ordinary course of the law.  *State ex rel. Fritz v. Trumbull Cty. Bd. of Elections*, 165 Ohio St.3d 323, 2021-Ohio-1828, 179 N.E.3d 67, ¶ 9.  Given the proximity of the November general election and the December special election, King lacks an adequate remedy in the ordinary course of the law.  *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 18-19.

**{¶ 18}** Whether King is entitled to the relief he has requested turns on whether the board exercised quasi-judicial power.  "A board of elections exercises quasi-judicial authority when it decides a protest after a mandatory hearing that includes sworn testimony."  *State ex rel. Moscow v. Clermont Cty. Bd. of Elections*, 169 Ohio St.3d 161, 2022-Ohio-3138, 202 N.E.3d 684, ¶ 15; *see also State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (1999) (quasi-judicial power denotes the authority to hear and determine controversies "that require a hearing resembling a judicial trial").  Conversely, "extraordinary relief in prohibition is *not* available when there is no statute or other law *requiring* a board of elections to conduct a quasi-judicial hearing on a protest."

7

(Emphasis added.) *Fritz* at ¶ 10; *see also State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections*, 90 Ohio St.3d 238, 242, 736 N.E.2d 893 (2000).

*1. City-Charter Amendment (Issue 48)*

{¶ 19} At its September 27 meeting, the board placed Brewer and King under oath before it heard from them regarding Issue 48's having been placed on the November 7 general-election ballot. However, the board stated several times on the record at that meeting that it was *not* conducting a hearing on any issues related to Issue 48's having been placed on the ballot. Rather, the board entertained further discussion regarding Issue 48 in response to the information it had received from Hemmons and Brewer. Thus, the board did not hold a quasi-judicial hearing during its September 27 meeting, much less a hearing on any protest, related to Issue 48's having been placed on the ballot.

{¶ 20} King's challenge to the board's having placed Issue 48 on the ballot does not involve a written protest against a petition or candidate, which would have required the board to conduct a quasi-judicial proceeding under R.C. 3501.39(A)(1) or (2). Rather, the board placed Issue 48 on the ballot when it received from Brewer the council's resolution proposing the city-charter amendment, which was passed by a four-fifths majority vote of the council. Because the board did not—and was not required to—conduct a protest hearing, the board did not exercise quasi-judicial authority at its September 27 meeting. Accordingly, a writ of prohibition will not lie to prevent Issue 48 from being considered by voters at the November 7 general election. *See State ex rel. Wright v. Cuyahoga Cty. Bd. of Elections*, 120 Ohio St.3d 92, 2008-Ohio-5553, 896 N.E.2d 706, ¶ 8-9 (denying writ of prohibition because no statute or other law *required* city council to conduct a quasi-judicial hearing on protest challenging ordinance that provided for submission of proposed charter amendment to electorate).

## 2. *Mayoral-Recall Election*

**{¶ 21}** Nor does prohibition lie with respect to the December 5 special election to recall King as East Cleveland's mayor. The board did not hold a quasi-judicial hearing on the mayoral-recall issue at its September 27 meeting, and it was not required to do so.

**{¶ 22}** As with the proposed city-charter-amendment issue discussed above, King did not file a written protest challenging the petition, which would have triggered the board to hold a quasi-judicial hearing under R.C. 3501.39(A)(1) or (2). Rather, King's challenge to the mayoral-recall election rests on the validity of Brewer's certification of the recall petition to the board. But as stated above, "extraordinary relief in prohibition is not available when there is no statute or other law requiring a board of elections to conduct a quasi-judicial hearing on a protest." *See Fritz*, 165 Ohio St.3d 323, 2021-Ohio-1828, 179 N.E.3d 67, at ¶ 10. King is not entitled to a writ of prohibition to prevent the mayoral-recall election from going forward on December 5.

## C. Motion for a TRO and Preliminary Injunction

**{¶ 23}** King has also filed a motion under Civ.R. 65 for a TRO and preliminary injunction, asking for an order "that the board be temporarily enjoined" from keeping Issue 48 on the November 7 general-election ballot and from holding the mayoral-recall election on December 5, pending our resolution of this case. For the reasons discussed above, King is not entitled to a writ of prohibition. And because we today resolve this case on the merits, we deny as moot King's motion. *See State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 35.

## III. CONCLUSION

**{¶ 24}** We grant King's motion for leave to file rebuttal evidence under S.Ct.Prac.R. 12.08(A)(2)(d). And because King filed no protest pursuant to R.C. 3501.39 with the board in either matter, it did not, nor was it required to, exercise

quasi-judicial power in deciding to keep the proposed city-charter amendment on the November 7 general-election ballot and to submit the mayoral recall to East Cleveland's voters at a special election on December 5. We therefore deny the writ of prohibition and deny as moot King's motion for a TRO and preliminary injunction.

Writ denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Willa M. Hemmons, East Cleveland Law Director, for relator.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Musson, Assistant Prosecuting Attorney, for respondents.

_____