**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3959.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3959

THE STATE EX REL. KING, MAYOR, *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3959.]**

*Elections—Mandamus—Prohibition—Protest procedures under R.C. 3501.39(A)(1) or (2) were inapplicable to city-charter-amendment and mayoral-recall issues board of elections placed on ballot—Board did not abuse its discretion or disregard applicable law in dismissing relator's protest—Writs denied.*

(No. 2023-1322—Submitted October 27, 2023—Decided November 1, 2023.)

IN MANDAMUS, PROCEDENDO, AND PROHIBITION

————————————

**Per Curiam.**

**{¶ 1}** For the second time in less than a month, relator, Brandon L. King, mayor of East Cleveland, has filed a petition seeking extraordinary relief ordering

respondents, Cuyahoga County Board of Elections and its individual members (collectively, "the board"),[1] to (1) remove a proposed East Cleveland city-charter amendment from the November 7, 2023 general-election ballot and (2) refrain from going forward with a special mayoral-recall election on December 5, 2023. On October 8, we unanimously denied King's separate request for a writ of prohibition seeking the same relief. *See State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, __ Ohio St.3d __, 2023-Ohio-3668, __ N.E.3d __, ¶ 1, 19-22, 24.

**{¶ 2}** Following our decision in *King*, King pursued the same relief by submitting a written protest to the board. The board dismissed King's protest for lack of jurisdiction. King then filed this expedited election action, seeking extraordinary writs to compel the removal of the proposed city-charter amendment from the November 7 ballot and to prevent the December 5 special mayoral-recall election. We deny the writs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. East Cleveland Charter Amendment and Recall Issue Submitted to East Cleveland Voters

**{¶ 3}** As we noted in *King*, the root of the dispute relating to the proposed city-charter amendment and the mayoral-recall election lies with Eric Brewer's status as clerk of the East Cleveland City Council. *See King* at ¶ 2. King does not believe that Brewer has been validly appointed clerk of council, and he does not recognize Brewer as clerk of council.

**{¶ 4}** On August 9, 2023, the East Cleveland City Council passed Resolution No. 57-23, submitting to East Cleveland electors a proposed revision to Section 115 of the East Cleveland Charter that would change the mayoral primary election from a partisan to a nonpartisan contest. On September 8, Brewer submitted to the board a certification that the council had adopted Resolution

---

1. The individual respondents are Board Chair Henry F. Curtis IV and board members Inajo Davis Chappell, Terence McCafferty, and Lisa Stickan.

No. 57-23 by a four-fifths majority vote for placement on the November 7 general-election ballot. On September 11, the board voted unanimously to approve the proposed city-charter amendment for placement on the November 7 ballot as "Issue 48." After receiving correspondence from King's counsel stating that King had vetoed Resolution No. 57-23 and from Brewer disputing the purported veto, the board placed the charter amendment on its agenda for reconsideration at its September 27 meeting.

{¶ 5} In a letter dated September 20, 2023, Brewer notified King that East Cleveland resident Lateek Shabazz had submitted a petition for King's recall as mayor. The petition contained 789 elector signatures, which was more than 25 percent of the number of voters who voted in the 2021 municipal election, the amount required by Section 49 of the city's charter to place a recall on the ballot. On September 26, Brewer filed a notice with the board, stating that King had been notified of the sufficiency of the recall petition and that King had not resigned as mayor within five days of the notification. Brewer asked the board to "fix the day of the recall election of Mayor King" under Section 54 of the city's charter. The board placed the East Cleveland mayoral-recall issue on its September 27 meeting agenda.

{¶ 6} At its September 27 meeting, the board voted to take no further action regarding its prior decision to place Issue 48 on the November 7 general-election ballot. Regarding the mayoral-recall issue, the board scheduled a December 5, 2023 special election.

**B. This Court Denies King's Prior Request for a Writ of Prohibition, and Voting Begins**

{¶ 7} King filed an expedited election action in this court on September 27, seeking a writ of prohibition (1) to prevent the board from placing Issue 48 on the November 7 general-election ballot and (2) ordering that the December 5 mayoral-recall election not be held. We denied the writ because the board had not exercised

quasi-judicial power. *King*, __ Ohio St.3d __, 2023-Ohio-3668, __ N.E.3d __, at ¶ 19-22, 24. King's prior challenge to Issue 48 and the mayoral-recall election did not involve any written protest under R.C. 3501.39(A)(1) or (2); therefore, the board had not been required to hold a quasi-judicial hearing. *Id.* at ¶ 20, 22; *see also State ex rel. Wright v. Cuyahoga Cty. Bd. of Elections*, 120 Ohio St.3d 92, 2008-Ohio-5553, 896 N.E.2d 706, ¶ 8-9 (denying writ of prohibition when no statute or other law required quasi-judicial hearing on a protest to proposed charter amendment's placement on ballot); *State ex rel. Fritz v. Trumbull Cty. Bd. of Elections*, 165 Ohio St.3d 323, 2021-Ohio-1828, 179 N.E.3d 67, ¶ 10 (denying writ of prohibition when no statute or other law required quasi-judicial hearing on a protest to scheduling of recall election). King filed a motion for reconsideration, which we denied. *See* __ Ohio St.3d __, 2023-Ohio-3858, __ N.E.3d __.

{¶ 8} Early and absentee voting has commenced for the November 7 election, and approximately 128 East Cleveland voters had voted in the election as of October 23. Regarding the special mayoral-recall election scheduled for December 5, ballots have already been mailed under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. 20302, and early in-person and absentee voting will begin on November 7.

### C. King Files a Written Protest with the Board

{¶ 9} On October 17, King submitted a written protest to the board, challenging (1) the placement of Issue 48 on the November 7, 2023 general-election ballot and (2) the placement of the mayoral-recall issue on the December 5 special-election ballot. King demanded a quasi-judicial hearing on the protest, arguing that this court's decision in *King* entitled him to one.

{¶ 10} With respect to the mayoral-recall election, King protested on three grounds. First, King challenged the validity of "approximately 200" signatures on the recall petition submitted to Brewer on the basis that they were "forged." Second, King contended that Brewer was not the legitimate clerk of the East

Cleveland City Council and that he therefore had no capacity to submit a recall petition to the board under the East Cleveland Charter. Third, King argued that he had not been given sufficient notice of the mayoral-recall issue to provide a meaningful opportunity to challenge the issue.

{¶ 11} With respect to Issue 48, King protested its placement on the ballot on three grounds. King argued that he had not been given sufficient notice to challenge the issue before the board. King also contended that Resolution No. 57-23, which submitted the proposed charter amendment to East Cleveland voters, was procedurally defective because it was not submitted to him or East Cleveland's law director for review before its passage. Finally, King contended—as he had done at the board's September 27 meeting—that he had vetoed the resolution.

{¶ 12} At its October 18 meeting, the board voted to dismiss King's protest for lack of jurisdiction. In a letter to King's counsel, counsel for the board explained that R.C. 3501.39(A)(1) and (2), which King purported to invoke, were not applicable to the charter-amendment or mayoral-recall issues placed on the ballot.

## D. King Files This Action

{¶ 13} Later on October 18, King filed this action against the board and its members, seeking writs of mandamus, procedendo, and prohibition. King's petition alleges that the board's dismissal of his protest was "in clear derision of this Court's ruling" in *King*, __ Ohio St.3d __, 2023-Ohio-3668, __ N.E.3d __, which, according to King, entitles him to a protest hearing under R.C. 3501.39(A)(1) or (2). As he argued in *King*, King alleges that the board has allowed Brewer to submit matters for the ballot despite his not being the legitimate clerk of council. *See id.* at ¶ 15. King further alleges that the board has "abdicat[ed]" its responsibility to determine what should be placed on the ballot and that it is "continuing to be complicit" in Brewer's acting as clerk of council. He seeks extraordinary writs ordering the board to (1) remove Issue 48 from the

November 7, 2023 general-election ballot and (2) decertify the mayoral-recall petition and cancel the December 5 recall election. Because of the proximity of the November 7 election, we set an expedited schedule for the board to answer the petition and for the parties to submit evidence and merit briefs. *See* 171 Ohio St.3d 1468, 2023-Ohio-3788, __ N.E.3d __. The matter is now ripe for decision.

## II. ANALYSIS

**{¶ 14}** The gravamen of King's claims in this case is that the board improperly dismissed his written protest without conducting a hearing. In denying prohibition relief in *King*, we noted that King had not filed a written protest related to either the charter-amendment issue or the mayoral-recall election under R.C. 3501.39. *King* at ¶ 20-22. Accordingly, the board had not been required to hold a quasi-judicial hearing before deciding to keep Issue 48 on the November 7 ballot or to submit the mayoral-recall issue at a special election on December 5. *Id.* at ¶ 24. King interprets this court's rationale in *King* to mean that he was entitled to a hearing upon filing his protest with the board. King is wrong.

### A. Mandamus

**{¶ 15}** King asks for a writ of mandamus or, alternatively, a writ of prohibition ordering the board to remove Issue 48 from the November 7, 2023 general-election ballot and the mayoral-recall issue from the December 5 special-election ballot.[2] To obtain a writ of mandamus, King must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) the board has a clear legal duty to provide that relief, and (3) he does not have an

---

2. King's petition pleaded claims for relief in prohibition (Count One), mandamus (Count Two), and Procedendo (Count Three). In his merit brief, however, King limits his requested relief to a writ of mandamus or, alternatively, a writ of prohibition. Accordingly, we summarily deny the writ of procedendo. *See State ex rel. Howard v. Watson*, __ Ohio St.3d __, 2023-Ohio-3399, __ N.E.3d __, ¶ 40 (denying writ regarding claims for which the relator was no longer seeking relief); *see also State ex rel. Ohio Gen. Assembly v. Brunner*, 114 Ohio St.3d 386, 2007-Ohio-3780, 872 N.E.2d 912, ¶ 26, fn. 4 (there was no need to address request for writ that was raised in complaint but not specifically argued in merit briefs).

adequate remedy in the ordinary course of the law. *See State ex rel. Linnabary v. Husted*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, ¶ 13. As for the third element, King lacks an adequate remedy in the ordinary course of the law due to the proximity of both the November 7 general election and the December 5 special mayoral-recall election. *King* at ¶ 17.

**{¶ 16}** The first two elements of King's mandamus claim require us to determine whether the board engaged in fraud, corruption, or an abuse of discretion or acted in clear disregard of applicable law in dismissing King's protest. *See Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11. Though King says the board is complicit in Brewer's usurpation of the office of clerk of the East Cleveland City Council, hints that the board is facilitating the effort to oust him as mayor, and accuses the board of "an abuse of discretion that borders on outright fraud," he does not present any evidence of fraud or corruption. Rather, King seems to argue that the board's decision was so erroneous that it must be deemed the result of fraud. Accordingly, we have no evidentiary basis on which to conclude that the board engaged in fraud or corruption. Thus, the relevant inquiry becomes whether the board abused its discretion or disregarded applicable law in dismissing King's protest.

**{¶ 17}** King argues that he was entitled to a protest hearing under R.C. 3501.39(A)(1) or (2) upon filing his written protest with the board. R.C. 3501.39 states:

> (A) The * * * board of elections shall *accept any petition described in section 3501.38 of the Revised Code* unless one of the following occurs:
>
> (1) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the

protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure.

(2) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law.

(Emphasis added.)

{¶ 18} The board did not abuse its discretion or disregard applicable law in dismissing King's protest, because R.C. 3501.39 is inapplicable here. The protest procedure contemplated in R.C. 3501.39 applies to petitions described in R.C. 3501.38, namely, "declarations of candidacy, nominating petitions, or other petitions presented to * * * a board of elections * * * for the purpose of becoming a candidate for any nomination or office or for the holding of an election on any issue." R.C. 3501.38. When a protest does not involve a petition or candidacy described in R.C. 3501.38, the board is not required to conduct a quasi-judicial hearing on the protest. *See Wright*, 120 Ohio St.3d 92, 2008-Ohio-5553, 896 N.E.2d 706, at ¶ 9.

{¶ 19} Neither the city-charter-amendment issue nor the mayoral-recall issue was presented to the board through a petition described in R.C. 3501.38. The board placed the charter-amendment issue on the ballot after it received the city council's resolution proposing the amendment under Section 94 of the East Cleveland Charter. As we held in *King*, __ Ohio St.3d __, 2023-Ohio-3668, __ N.E.3d __, at ¶ 20, that process did not trigger any obligation for the board to conduct a quasi-judicial hearing under R.C. 3501.39(A)(1) or (2).

{¶ 20} As for the mayoral-recall issue, the board scheduled a recall election under Section 54 of the East Cleveland Charter after Brewer notified the board that

a sufficient petition to recall King as mayor had been filed under Section 53 of the city charter. That process did not trigger any obligation on the board's part to conduct a quasi-judicial hearing under R.C. 3501.39(A)(1) or (2). *See Fritz*, 165 Ohio St.3d 323, 2021-Ohio-1828, 179 N.E.3d 67, at ¶ 10 (quasi-judicial hearing not required under R.C. 3501.39(A) when protest arose from city council's vote to schedule a recall election). The fact that King purported to protest the validity of the signatures on the recall petition submitted to Brewer does not change the result. As this court explained last year after King challenged a prior petition for his recall as mayor, the board "has no authority to assess the validity of a recall petition" under the East Cleveland Charter, *State ex rel. King v. Cuyahoga Cty. Bd. of Elections*, 170 Ohio St.3d 42, 2022-Ohio-3613, 208 N.E.3d 787, ¶ 32. Rather, under the charter, the clerk of council must certify whether at least 25 percent of the voters who voted in the last regular municipal election of officers signed the petition. *Id.*, citing East Cleveland Charter Section 53. And once the clerk of council provides that certification, "the charter gives the board no discretion: the board '*shall* forthwith order and fix a day for holding a recall election.' " (Emphasis sic.) *Id.*, quoting East Cleveland Charter, Section 54. Thus, under the recall process of the East Cleveland Charter, the board has no role in reviewing the validity of a recall petition. Accordingly, here, the board did not abuse its discretion or disregard applicable law in declining to hold a hearing on King's protest, which was outside the purview of R.C. 3501.38. *See Wright* at ¶ 9.

{¶ 21} King also contends that the board abused its discretion in this case because, according to him, the board previously held a hearing on a protest to a recall petition by a Berea City Council member and Berea's charter has a recall procedure similar to East Cleveland's. He also submits that the cities of Westlake, Brook Park, and Warrensville Heights have similar charter provisions governing recall procedure but that the board has entertained protests involving those cities. King has provided no evidence in support of these factual assertions. But even if

9

he had provided such evidence, the board's decisions to conduct protest hearings in other cases are not relevant to whether the board abused its discretion here. A board of elections does not abuse its discretion by declining to hold a protest hearing when the protestor has no statutory right to a hearing. *See State ex rel. Nauth v. Dirham*, 161 Ohio St.3d 365, 2020-Ohio-4208, 163 N.E.3d 526, ¶ 23-24.[3]

**{¶ 22}** For these reasons, King is not entitled to relief in mandamus.

## B. Prohibition

**{¶ 23}** King's alternative request for a writ of prohibition is also without merit. As this court explained in denying a writ of prohibition in *King*, __ Ohio St.3d __, 2023-Ohio-3668, __ N.E.3d __, " 'extraordinary relief in prohibition is *not* available when there is no statute or other law *requiring* a board of elections to conduct a quasi-judicial hearing on a protest,' " (emphasis added in *King*) *id.* at ¶ 18, quoting *Fritz*, 165 Ohio St.3d 323, 2021-Ohio-1828, 179 N.E.3d 67, at ¶ 10; *see also State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections*, 90 Ohio St.3d 238, 242, 736 N.E.2d 893 (2000). For the reasons stated above, the board was not required to hold a quasi-judicial hearing on King's October 17 protest. King is therefore not entitled to a writ of prohibition.

## III. CONCLUSION

**{¶ 24}** The statutory protest procedure that King sought to invoke is not applicable to the charter-amendment or mayoral-recall issues that the board placed on the ballot. Therefore, the board did not abuse its discretion or disregard

---

3. King also argues that in *State ex rel. Stevenson v. King*, 169 Ohio St.3d 61, 2022-Ohio-3093, 201 N.E.3d 873, and *State ex rel. Richardson v. Gowdy*, __ Ohio St.3d __, 2023-Ohio-976, __ N.E.3d __, the board had "allowed recall protest hearings, [which] makes the current board position of not allowing a protest hearing as to [King] even more untenable." King's premise is incorrect: neither *Stevenson* nor *Richardson* concerned the holding of a protest hearing—much less a protest hearing related to a recall petition. *Stevenson* was a public-records mandamus case in which the then-president of the East Cleveland City Council sought to compel King and the city finance director to produce records related to public expenditures. *Id.* at ¶ 1, 3. And *Richardson* was a mandamus case in which the relator sought to compel the city council president to appoint a new clerk of council to perform the recall-petition duties specified in the city's charter. *Richardson* at ¶ 1.

applicable law in dismissing King's protest. We therefore deny the requested writs. By so holding, we need not address the board's argument that this action is barred by the doctrine of laches. *See State ex rel. Heffelfinger v. Brunner*, 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, ¶ 57.

Writs denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Willa M. Hemmons, East Cleveland Law Director, for relator.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Musson, Assistant Prosecuting Attorney, for respondents.

————————————